**James H. LANEY, Respondent,**

v.

**STATE of Missouri, Appellant.**

No. 40638.

Missouri Court of Appeals,
Eastern District.

May 15, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Steven Scott Clark, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Maureen A. Dickman, St. Louis, for appellant.

Robert C. Babione, Public Defender, St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant was convicted of rape on January 29, 1971, and sentenced to a 60 year term. His conviction was affirmed by the Missouri Supreme Court. *State v. Laney*, 506 S.W.2d 452 (Mo.1974). On March 12, 1976, movant submitted his Rule 27.26 Motion to Vacate Judgment and Sentence. An amended motion was filed on behalf of Movant on October 5, 1976. The circuit court granted the motion on June 22, 1978, without an evidentiary hearing.[1] The state appeals. The original conviction and subsequent motion were predicated on the following facts:

The rape with which movant was charged allegedly occurred on August 23, 1968, in the victim's automobile. Movant was arrested July 16, 1970 for a different offense, but was charged with this one when his fingerprints were found to match those lifted from the victim's car. Movant was identified by the victim at a line-up conducted July 17, 1970.

The trial court conducted a hearing on movant's Motion to Suppress Identification at which movant's attorney requested an opportunity to review the police reports contending that there was evidence that the prosecutrix had seen photographs prior to the line-up. The prosecutrix and officers testified that she had not. The defense attorney was denied access to portions of the reports, with the assistant prosecuting attorney stating:

There is no evidence here of any photographs shown to this woman. The state has every police report involved in the case and there is no photograph in the Police Report, and I checked all records before. By the same token there is no evidence of any policeman shown any photograph. She stated she saw no photographs.

Operating under this assumption (i. e., that the police reports made no mention of the victim having been shown photographs

---

1. Movant and state stipulated that the court could consider the Police Report of May 30, 1970, along with the record, trial transcript and Supreme Court briefs in making its rulings.

for purposes of identification prior to the line-up) defense counsel proceeded at trial with only portions of the reports; none of which contained a contrary inference. The trial court itself remained unaware that the police report made any reference to an attempted photographic identification of movant by the victim.

In his Rule 27.26 motion movant alleged that the state "deliberately suppressed and failed to disclose material evidence contained in the investigative records going directly to the credibility of the victim . . . that said police reports would have indicated that the victim had been shown mug shots which was directly contrary to her testimony at trial that she had not."

The police report dated May 30, 1970, indicated that the victim had been shown photographs prior to the line-up, including photographs of movant and a man by the mane of Lance who had been killed.[2] The trial court in its memorandum opinion stated:

. . . against the background of the identification being made almost two years after the offense and it being contested; [the victim] denying that she had seen any photographs except of a dead man, Transcript Page 56; and Assistant Public Defenders Adelman and Babione testifying she told them she had seen photographs, Transcript Pages 127 and 134.

The court, in granting the motion, then went on to say that although it did not believe the assistant prosecuting attorney deliberately concealed the above-mentioned portions of the report, at the very least he inexcusably lacked knowledge of its contents and,

. . . Neither can be permitted . . . their not being disclosed at this trial deprived Movant of a fundamentally fair trial. . . . It is unfortunate that such a vicious offense has to be retried and [the victim] re-live that experience, but Movant was entitled to a constitutionally fair trial which he did not receive.

The circuit judge felt the present situation fell within the purview of *Brady v. State of Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) wherein the United States Supreme Court held,

. . . the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution. 373 U.S. 83, at page 87, 83 S.Ct. 1194, at page 1196, 10 L.Ed.2d 215.

On appeal to this Court, the state does not challenge the materiality of the non-disclosed evidence but contends that a considered reading of the entire record leaves no reasonable doubt as to movant's guilt.

2. The police report dated May 30, 1970, stated in part:

It is to be noted at this time that the subject Lance [sic] was killed in the commission of robbery at 4200 Westminster on the 11–30–68.

Officers Payne and Seibel while conducting their investigation contacted to ascertain if Lance [sic] was responsible for the crimes committed against [sic] after viewing numerous photographs. [victim] advised Officers Payne and Seibel that the photos of Vance [sic] closely resembled the wanted subject, however, she declined to go to the City Morgue for positive identification as mental and physical condition was very poor due to the captioned offense * * *

[Victim] was shown a number of Department photographs, including one of subject Laney [sic]. After viewing the indicated photographs [sic] [victim] advised said officers that the pho-

tos of Laney resembled the subject who raped her, but could make no identification at this time. [The lady] was further interviewed concerning her tentative identification of the aforementioned deceased subject Lance [sic]. [Victim] advised said officers that at the time she viewed the photos of Lance [sic] she was under extreme stress due to the brutal treatment she received from the wanted subject, and still suffers mentally and physically from that incident. [The victim] was advised by Officers Akley and Fassley that a subject is presently under investigation and that when he is apprehended it would be necessary for her to appear at a show up for possible identification of this subject. [Victim] advised said officers that she would view such a show up, feeling that she could make an identification if she could see her assailant in person.

*Lee v. State*, 573 S.W.2d 131 (Mo.App. 1978), incorporates the reasoning of *Brady*, supra, and applies its mandates to require the disclosure of evidence of an impeaching nature which would tend to cast discredit upon a key prosecution witness. The disclosure must have been with regard to a material matter and must have resulted in prejudice to defendant's rights before defendant will be entitled to postconviction relief.

Implicit in the trial court's finding was a determination that the undisclosed evidence was both material and *prejudicial*. The judge who ruled on movant's Rule 27.26 motion was the same judge who presided at his original trial. No one would be in a better position to gauge the prejudicial effect of this non-disclosure than the judge presiding at the original trial.

In all Rule 27.26 proceedings, we must affirm the ruling of the trial judge unless it appears his findings, conclusions and judgment are "clearly erroneous." These standards apply whether the defendant or the state appeals. *Vidauri v. State*, 515 S.W.2d 562[9] (Mo.1974). There being no indication that the trial court's judgment was erroneous, its judgment is hereby affirmed.

Affirmed.

GUNN and CRIST, JJ., concur.