John FRANKOVIGLIA, Appellant,

v.

STATE of Missouri, Respondent.

No. 41193.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 16, 1980.

Application to Transfer Denied
Feb. 11, 1980.

Robert G. Duncan, Gladstone, Galen Mussman, Kansas City, Duncan, Russell & Reardon, Gladstone, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Ralph L. Martin, Pros. Atty., Kansas City, Courtney Goodman, Jr., Pros. Atty., St. Louis County, Clayton, for respondent.

REINHARD, Judge.

Movant was convicted by a jury of murder in the first degree and sentenced to life imprisonment. That judgment was affirmed on direct appeal, *State v. Frankoviglia*, 514 S.W.2d 536 (Mo.1974). Movant unsuccessfully instituted habeas corpus proceedings in the United States District Court, *Frankoviglia v. State*, 394 F.Supp. 1293 (E.D.Mo.1975), aff'd 525 F.2d 690 (8th Cir. 1975), cert. denied 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976). He filed this motion to vacate judgment and sentence pursuant to Rule 27.26.

In his amended motion he alleged as grounds for relief:

a. Ineffective assistance of trial counsel.

b. The prosecuting attorney and his assistants knowingly used perjured testimony.

The trial judge[1] held an evidentiary hearing, wherein extensive evidence was presented by movant and the State. The court in overruling the motion made extensive findings of fact and conclusions of law. The court in its findings considered each of movant's specific complaints as to his trial attorney and specifically found that "defense counsel did an outstanding job in the defense" of movant. The court further found that "there were no deals made with the prosecuting witnesses and there is no evidence to support the allegations that the prosecutor and assistants knowingly or intentionally used any perjured testimony."

We have examined the transcript of the Rule 27.26 hearing, the transcript of the original trial and the exhibits submitted to us. Substantial conflicts exist in the testimony; conflicts not only in the testimony of the witnesses at the 27.26 hearing, but in statements, depositions, and exhibits submitted concerning this incident. "In all Rule 27.26 proceedings, we must affirm the ruling of the trial judge unless it appears

---

1. The judge who presided at the post-conviction hearing also presided at the original trial of this case.

his findings, conclusions and judgment are "clearly erroneous.'" *Laney v. State*, 584 S.W.2d 411, 413 (Mo.App.1979). The circuit court's judgment is based upon findings of fact which are not clearly erroneous.[2] No error of law appears and therefore an opinion would have no precedential value.

Accordingly, and in compliance with Rule 84.16(b), the judgment is affirmed.

DOWD, P. J., and CRIST, J., concur.

---

2. Counsel for movant conceded at oral argument that there was sufficient evidence in the record to sustain the trial court's findings.