John Amblum THOMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 41062.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1980.

Timothy F. Devereux, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from an order of the circuit court overruling his Rule 27.26 motion to vacate judgment and sentence.

In 1977, movant pleaded guilty to charges of burglary second degree and stealing, and attempted burglary first degree. The trial court accepted a plea bargain agreement between the state and movant and sen-

tenced movant to seven years and five years for burglary and stealing, these sentences to run concurrently with a prior ten year sentence,[1] and four years on the attempted burglary first degree, this sentence to run consecutive to the other sentences.

Movant maintained in the trial court that his pleas to the various charges were coerced by the trial judge and his attorney, and that his attorney was ineffective. He argues on this appeal that the court's findings and conclusions are clearly erroneous and therefore its judgment must be reversed.

"In all Rule 27.26 proceedings, we must affirm the ruling of the trial judge unless it appears his findings, conclusions and judgment are 'clearly erroneous.'" *Laney v. State,* 584 S.W.2d 411, 413 (Mo.App.1979). The court in overruling the motion made specific and extensive findings of fact. We have carefully reviewed the transcript of the Rule 27.26 hearing, and the transcript of movant's guilty pleas and sentencing, wherein movant admits his guilt, admits that he expected to be found guilty by a jury, and admits that he pleaded guilty expecting a fourteen year sentence, a sentence which he received. We find that the trial court's judgment is based upon findings of fact which are not clearly erroneous. No error of law appears, and an extensive opinion reciting the law would have no precedential value.

Therefore, in compliance with Rule 84.-16(b) we affirm the judgment of the trial court.

DOWD, P. J., and CRIST, J., concur.

1. It appears from the record that movant had previously been sentenced to a term of ten years in the Department of Corrections and had been placed on probation by another judge in the 21st Judicial Circuit. Part of the plea bargain included a revocation of movant's probation.