**Norman BENSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57655.

Supreme Court of Missouri,
Division No. 2.

Jan. 14, 1974.

Alfred L. Boisaubin, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Daniel P. Card II, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

This is an appeal from the denial of post conviction relief under Rule 27.26 [1] wherein appellant sought to have vacated the ten-year sentence entered following his plea of guilty to a charge of murder in the second degree. Notice of appeal was filed December 27, 1971, vesting jurisdiction in this court. We affirm.

The single issue to be resolved on appeal is whether the trial court, in denying probation and sentencing appellant to imprisonment, unlawfully delegated its judicial discretion to the parole officer.[2]

Originally, appellant was indicted on a charge of murder in the first degree. On April 26, 1971, he appeared with counsel and entered a plea of guilty to a reduced charge of 'murder in the second degree. His counsel requested the court to place appellant on probation. After interrogating appellant and hearing statements from the assistant circuit attorney and counsel for appellant, the court accepted the guilty plea, deferred sentence and ordered a presentence investigation. However, before doing so, the court stated to the appellant a reluctance to place on probation a man charged with murder, the court saying this: "I don't say I wouldn't but I want to say to you that in this particular case or in any murder case, even though the report would come back favorable, I have some doubts and some reservations. If, on the other hand, it came back unfavorable there would be no doubt of any kind in my mind but that I would sentence you to the penitentiary. I'll look into your background, or have it looked into and consider it, but I don't want you to stand before me here to-

1. All references to rules are to Supreme Court Rules, V.A.M.R.

2. Appellant's motion to vacate also charged that (1) he had ineffective assistance of counsel in that he was induced by his attorney and by prosecuting officials to plead guilty on the basis that by so doing he would be placed on probation, and (2) that the charge against him was insufficient to inform him of all essential facts of the crime of

which he was convicted. Appellant's own evidence disproved the claim of wrongful inducement of a plea by defendant's counsel and by prosecuting officials, and the trial court so found. No evidence was offered by appellant on the claimed insufficiency of the charge, and the trial court so found. Neither of these questions are asserted or briefed on appeal and are waived. McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971); Talley v. State, 477 S.W.2d 123 (Mo.1972).

day and I don't want you to leave this building on the theory that I am going to set you free in this case. I don't know what I am going to do. I am going to study it. With that understanding, do you want me to accept your plea?" Appellant responded that he did want his plea accepted, and the court proceeded to do so.

Subsequently, on June 4, 1971, appellant and his counsel again appeared in court, at which time the following occurred:

"THE COURT: Mr. Benson, when you last appeared before me and pleaded guilty, I told you at that time I would consider you for parole, but I also told you the only basis on which I would ever consider you for parole would be on your being approved by the parole office. I did order that investigation and the parole office has declined to recommend you for parole. Under the circumstances, I have no alternative but to deny the parole upon their request."

After some discussion, the court added:

"[N]ow, as I told you when you appeared before me, I would make no promises to you. This was a crime of viciousness you did commit, but I would consider parole if it was recommended. It wasn't recommended. Let the record show that on his plea of guilty the defendant will be sentenced to 10 years Missouri Department of Corrections; probation denied; allocution granted."

On December 3, 1971, this motion was filed. Counsel was appointed immediately and later in the month an evidentiary hearing was held. Thereafter, the court filed a memorandum opinion which made findings of fact and conclusions of law and overruled the motion to vacate. The court's opinion points out that the evidence disclosed that appellant had attended a wedding party on the third floor of a building; that in a card game he had a dispute with other persons, including the hostess, who asked him to leave the apartment; that he went to the first floor of the building where he removed a knife from his pocket and opened the blade; that disregarding pleas of his wife and friends, he then returned to the second floor landing where he had an altercation in which appellant stabbed the victim, resulting in his death. The opinion stated that the evidence was sufficient to indicate premeditated murder, but that appellant was permitted to plead second degree murder. The court's opinion then concluded:

"A review of the hearing granted this movant at the time he pleaded guilty reveals that this Court, in no uncertain terms, regarded the crime as recited to the Court as a wanton and deliberate act on the part of this movant and the Court even indicated that he was hesitant in even considering a pre-sentence investigation under the evidence as detailed to the Court. This Court, however, wanted to think about the matter further and in deference to the pleas of movant's counsel ordered a pre-sentence investigation report.

"The purpose of any probation report is to enlighten the Court on the background of the defendant. It is true that this movant had no prior record of any kind, was regularly and steadily employed and was recently married and had a child. Under normal circumstances for a crime of less magnitude he would be a fitting subject for probation. In this case, however, the probation office after a study, for reasons expressed in their report, refused to recommend probation. As indicated previously, the crime committed by this movant, in spite of his fine background, was uncalled for and showed deliberation and this Court felt that movant should pay some penalty, no matter how small, for the unnecessary taking of a human life. Before the pre-sentence investigation was ever ordered this Court expressed hesitancy in even ordering such an investigation because of the nature of the crime. Now this Court stands criticized by movant's counsel and accused of delegating its judicial duty because probation was not granted. The record of the hearing at the time of the

plea of guilty and the testimony adduced at the evidentiary hearing on this motion from the parole officer does not indicate, in the opinion of this Court, that any rights were denied to this movant."

The appellant's original motion sought to have the judgment and sentence vacated. On appeal, however, appellant limits his contention to what occurred with reference to the denial of probation. His brief asserts that he does not seek now to have the ten-year sentence vacated, but he does seek vacation of the denial of probation on the theory that there was no determination by the court with reference thereto. Rather, says appellant, the court abdicated that function by delegating it to the parole officer and then simply adopting that officer's determination. He requests that the proceedings be remanded to the trial court for the purpose of having that court, not the probation officer, pass upon the merits of the application for probation.

We conclude that the trial court's findings and conclusions on appellant's motion are not clearly erroneous. The record does not show, in our judgment, that the trial court delegated to the parole officer the determination of whether the appellant should be admitted to probation. At the outset, the court advised the appellant that the offense of murder was a serious one and that he had doubts about granting probation in such cases. He stated further that he was not at all sure that he would grant probation even if recommended subsequently by the probation officer, but that he would have the investigation made and then consider the matter further. He went on to state to the appellant that if any unfavorable recommendation was received, he certainly would not grant probation. When the report was received and it was unfavorable, the court did as he had previously indicated he would do and denied probation. That does not amount to a delegation of the ultimate determination. It shows rather that in reaching the judgment the court considered and was influenced by the parole officer's report. That, of course, is the purpose of having an investigation made, and the court properly considered and was influenced by what the report disclosed. In view of this conclusion, there is no basis present for a finding that the trial court abdicated its judicial function to the parole officer.

 In disposing of this case, we do not want to be understood as reviewing on appeal the determination by the trial court as to whether to grant or deny probation. Such determination is not subject to appellate review. The trial court is not even required to consider probation but under the statute has the right to do so. If he does, it is for the trial court to determine whether probation is to be granted or refused.

Judgment affirmed.

All of the Judges concur.