**Darwin Lee SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 58423.**

Supreme Court of Missouri,
Division No. 2.

Dec. 16, 1974.

William J. Fleischaker, Public Defender, Jasper County, 29th Judicial Circuit, Joplin, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Appeal from order overruling Darwin Lee Smith's amended motion under Rule 27.26, V.A.M.R., to vacate a judgment convicting him on a plea of guilty to a charge of robbery in the first degree and sentencing him to 5 years' imprisonment. Appellant alleged that he "was unconstitutionally deprived of the right to confront those witnesses against him in that the pre-sentence investigation report was based upon false accusations made against Movant concerning his past conduct." A hearing was conducted on the 27.26 motion, at which appellant appeared personally and by attorney. Evidence was heard. The court overruled the motion. This appeal followed. Although we do not reach the constitutional question on the merits, we retain jurisdiction for the reason that the appellate briefs present a question involving a construction of the Due Process Clause of the Constitution of the United States.

The sole point on appeal is that "The trial court erred in failing to find that defendant's constitutional rights had been violated due to the use of false information in his pre-sentence investigation." Appellant contends that under the cases of Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. Carden, 428 F.2d 1116 (8th Cir. 1970); United States v. Malcolm, 432 F.2d 809 (2nd Cir. 1970), and Verdugo v. United States, 402 F.2d 599 (9th Cir. 1968), appellant was denied due process of law because the sentencing court relied upon materially false assumptions about him set forth in the presentence report, which recommended against probation. Appellant does not relate the allegedly false assumptions to the determination by the court of the question of his guilt or innocence of the crime charged. He freely admitted his guilt at the time of sentencing. He again freely admitted his guilt at the 27.26 hearing. He does not contend that due to the misleading statements and misinformation contained in the presentence report the court was precluded from imposing any kind of a sentence. Appellant does not, and could not seriously, claim that the sentence was excessive, because the court assessed the minimum sentence for first degree robbery (5 years, § 560.135, RSMo 1969, V.A.M.S.). The sum and substance of his complaint is that he was denied due process of law

because in the course of the sentencing process he was not granted probation (which was granted the codefendants), and he was not granted probation because of misleading statements and misinformation contained in the presentence report, relayed to and relied upon by the sentencing judge. In attacking the sentence on the ground that probation was erroneously denied appellant fails to distinguish between "sentence" and "probation." "The 'sentence' that a court imposes consists of punishment that comes within the particular statute designating the permissible penalty for the particular offense. * * * [P]robation or parole is not part of the sentence imposed upon a defendant." McCulley v. State, 486 S.W.2d 419, 423[4, 6] (Mo.1972).

We are precluded from a review of this question for two reasons. First, matters relating to the legality of orders pertaining to probation and parole do not come within the purview and scope of a proceeding under Rule 27.26, which provides a remedy for a prisoner who desires to attack the sentence as such. Green v. State, 494 S.W.2d 356 (Mo. banc 1973). Second, we have no power to review the question whether the court erred in denying probation by reason of § 549.141, RSMo 1969, V.A.M.S.:

"The action of any court in granting, denying, revoking, altering, extending or terminating any order placing a defendant upon probation or parole is not subject to review by any appellate court."

Notwithstanding this statute this Court in State ex rel. Douglas v. Buder, 485 S.W.2d 609 (Mo. banc 1972), rev. on other grounds, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52, reviewed the action of the Circuit Court of the City of St. Louis in *revoking* probation, based upon the decision of the Supreme Court of the United States in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), holding that the liberty granted a probationer is a right, not a privilege, which, once given, cannot be withdrawn in such a way as to deny him due process of law. The Douglas case was followed, and a circuit court order revoking a parole was reviewed by the appellate court, in State v. Wilhite, 492 S.W.2d 397 (Mo.App.1973).

While under these decisions a convicted person who has been *granted* probation has a *right* to continued probation until that right is taken away from him by due process of law, a convicted person has no right to probation in the first instance. Probation cannot be demanded as of right; it is a privilege which may be granted or withheld in the discretion of the sentencing court. Whitfield v. United States, 401 F.2d 480[3] (9th Cir. 1968), cert. den., 393 U.S. 1026, 89 S.Ct. 630, 21 L.Ed.2d 570; 24 C.J.S. Criminal Law § 1571(2), pp. 457, 458. In determining whether a convicted person should be incarcerated or placed on probation the trial judge exercises a broad discretion. McCulley v. State, supra. In the exercise of that discretion the court before whom the conviction is had may place the defendant upon probation, if he is a person of previous good character, and the court is satisfied that the defendant, if permitted to go at large, would not again violate the law, § 549.071(1), RSMo 1969, V.A.M.S., but the decision to grant or withhold probation in the first instance is entirely within the discretion of the court; is a matter of grace and clemency and not a matter of right, and appellate courts have no power to review or revise such a decision.

Accordingly, the appeal is dismissed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges, concur.