Keith HARDIN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29866.

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

---

Kevin R. Locke, Asst. Public Defender, Clifford Cohen, Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Paul R. Otto, Chief Counsel Crim., Asst. Attys. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The movant brings a proceeding under Rule 27.26 to set aside a judgment of conviction for robbery in the first degree and sentence of five years entered on a plea of guilty after presentence investigation and report. The court appointed counsel for the movant and then entered judgment against the contentions of the motion on the basis of the files and records of the case, but without other evidence or hearing.

On appeal the movant asserts that the pleaded contention—that the presentence investigation report used by the court to impose sentence of imprisonment rather than probation was concluded [contrary to the promise of the investigative officer] without inquiry of his kin as to his domestic stability and that the consequent recommendation in the report to deny movant probation resulted from this [untruthful?] investigative procedure.

The grievance seems to be denial of probation. That ground has been determined to be unavailable to one under criminal sentence by the express terms of § 549.141, RSMo 1969 that the action of a court in denial of probation shall not be the subject of review by an appellate court. *Smith v. State,* 517 S.W.2d 148, 150[1, 2] (Mo.1974).[1] If the movant means that the judgment of the court was induced by a fraudulent presentence investigation report, the pleadings do not allege the untruth which constitutes the fraud. The movant states only that the officer did not talk with his people concerning his home environment; there is no complaint as to what information was given in the report or what was false. The mere conclusion that the movant was denied probation by an unspecified untruth in the presentence investigation report does not plead facts which describe a cause of action for relief under Rule 27.26. The motion was properly denied a hearing. *Hogshooter v. State,* 514 S.W.2d 109, 113[1] (Mo.App.1974).

Moreover, even if the allegations of untruthfulness of the investigative recommendations are taken as pleaded facts, the movant is estopped to assert the untruth or the invalidity of the sentence procedure on that ground in this collateral proceeding because the transcript of the guilty plea shows [according to the recited judgment on the Rule 27.26 motion] that the plea judge took special notice that counsel for movant had *read* the presentence investigation report and the judge *read* the recommendation [presumably to deny probation] into the record, and all went without objection. In the absence of remonstrance at the

---

1. The statute, which in full terms provides:

    The action of any court in granting, denying, revoking, altering, extending or terminating any order placing a defendant upon probation or parole is not subject to review by any appellate court

    means [*Smith v. State,* supra, l.c. 150[3–6]] that "the decision to grant or withhold probation in the first instance is entirely within the discretion of the court." That provision of the stat-

    ute, however, which denies appellate review to a revocation of probation has been superseded by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) as a denial of due process of law. The entire § 549.141, it should be noted, has since been repealed by Laws 1977, S.B.No. 60, § 1 which enacts the Criminal Code effective January 1, 1979. For an informative critique of *Smith v. State,* supra, see Recent Cases, 41 Mo.L.Rev. 285 (1976).

time the recommendation of the report to deny probation was made known to the movant concurrently with the imposition of a sentence without probation, we assume a defendant was satisfied with the validity of those matters disclosed and the procedures they affect.

The court properly denied an evidentiary hearing on the pleaded motion on the cumulative ground that, in any event, the files and records in the case refute relief to the movant, even if we assume the motion pleads facts and that they are true. Rule 27.26(d); *Morris v. State,* 547 S.W.2d 827, 829[1] (Mo.App.1977).

The judgment is affirmed.

All concur.

