**Marvin A. HARMON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41728.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion, which denial followed an evidentiary hearing. We affirm.

On July 30, 1974, movant pleaded guilty to two counts of second degree burglary and one count of stealing over $50.00. The trial court assessed his punishment at three years imprisonment on each charge, but suspended execution of the sentences and placed movant on five years probation. A probation revocation hearing was held on March 16, 1978, which resulted in the revocation of movant's probation. The trial court ordered execution of the sentences previously imposed and, contrary to the state's recommendation that the sentences be made concurrent, ordered that the sentences be served consecutively.

Movant, for his sole point relied on, states:

THE TRIAL COURT ERRED BY FILING ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, SINCE THE FINDINGS AND CONCLUSIONS DID NOT MEET THE REQUIREMENTS OF SUPREME COURT RULE 27.26(i), BECAUSE THEY WERE NOT SUPPORTED BY THE EVIDENCE ADDUCED AND DID NOT ADDRESS ALL THE ISSUES RAISED BY APPELLANT IN HIS RULE 27.26 MOTION.

The above quoted point relied on is in violation of Rule 30.06(d) in that it does not relate wherein and why the trial court's findings and conclusions fail to meet the requirements of Rule 27.26(i). It does not indicate what evidence was missing nor what issues the trial court failed to address. Accordingly, movant preserved nothing for review. *Plant v. State*, 547 S.W.2d 835, 837 (Mo.App.1977).

Movant's Rule 27.26 motion charged inadequate legal representation, lack of mental capacity to enter a voluntary guilty plea and arbitrary, capricious and unlawful revocation of his probation.

Pursuant to Rule 84.13(c), we have of our own volition, reviewed the record, but our scrutiny unearthed nothing akin to plain error. See *Hardin v. State*, 577 S.W.2d 164, 165 (Mo.App.1979) and *Laney v. State*, 584 S.W.2d 411, 413 (Mo.App.1979). We therefore, conclude that defendant has suffered no manifest injustice nor miscarriage of justice.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.