**STATE of Missouri, Respondent,**

v.

**Odessa AUSTIN, Appellant.**

**No. 42955.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1981.

Walter L. Brady, Jr., Lee, O'Hanlon & Brady, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a conviction, by a jury, of murder in the second degree for which he was sentenced to a twenty (20) year term of imprisonment. We affirm.

On March 19, 1980, defendant was found guilty of the shooting death of James Gully. The jury assessed punishment at twenty (20) years. The trial court ordered a presentence investigation report. Based upon the favorable findings and conclusions in that report, defendant requested the court to place him on probation. The trial court acknowledged the commendations contained in the report and stated:

> He [defendant], having committed murder in the second degree which the jury found to be such as to assess twenty years, and while the people that he had dealt with think highly of him, the Court has to consider that this is a homicide,
> . . .

The trial court then denied defendant's request for probation and sentenced him to a twenty (20) year term of imprisonment.

Defendant's sole point on appeal is that the trial court erred in denying him probation in light of the favorable pre-sentence investigation report. We disagree. The *denial of probation* by a trial court is not reviewable on appeal absent a showing of an extreme abuse of discretion. See, *United States v. Rifen*, 634 F.2d 1142, 1144 (8th Cir. 1980). In *Smith v. State*, 517 S.W.2d 148, 150 (Mo.1974), the Missouri Supreme Court held "... the decision to grant or withhold probation in the first instance is entirely within the discretion of the [trial] court; ... and appellate courts have no power to review or revise such a decision." The result in *Smith* was based upon § 549.-141, RSMo. 1969 which explicitly prohibited appellate review of the denial of probation. Section 549.141 has since been repealed (Laws 1977, p. 658, Sec. 1, effective Jan. 1, 1979) and the provisions forbidding appellate review have not been re-enacted.

Defendant cites *Hardin v. State*, 577 S.W.2d 164, 165 (Mo.App.1979) which stated "that provision of the statute [Sec. 549.141], however, which denies appellate review to a *revocation of probation* has been superseded by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) as a denial of a due process of law. (emphasis added)." *Hardin* is of no help to defendant. That part of § 549.141 which was superseded by *Morrissey* dealt with review of the revocation of probation, not the initial probation decision.

Circuit courts must have an unfettered right to grant or deny probation to a convicted person. Probation is not a right of a convicted person but a "privilege which may be granted or withheld in the discretion of the sentencing court." *Smith v. State, supra* at 150. The twenty (20) year sentence imposed by the trial court falls "well within the punishment described by statute, and within the discretion allowed by the trial court in such matters." *Benson v. State*, 604 S.W.2d 652, 653 (Mo.App.1980); *State v. Ore*, 567 S.W.2d 691, 694 (Mo.App. 1978). The record reveals no abuse of discretion, extreme or otherwise, by the trial court.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.