**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ralph E. SIMMONS,
Defendant-Appellant.**

**No. WD 34421.**

Missouri Court of Appeals,
Western District.

Sept. 20, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Loeb H. Granoff, Rich, Granoff, Levy &
Gee, Kansas City, for defendant-appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas
City, for plaintiff-respondent.

Before SOMERVILLE, J., Presiding,
TURNAGE, C.J., and MANFORD, J.

SOMERVILLE, Judge Presiding.

Defendant, who shot and killed his wife, was charged with murder in the second degree (§ 565.004, RSMo 1978). Plea bargaining culminated in a reduced charge of manslaughter (§ 565.005, RSMo 1978) to which defendant pled guilty.

The state, as part of the bargain struck, agreed to "remain silent" on the length of sentence to be imposed and to neither recommend nor oppose probation. A pre-sentence investigation ordered by the sentencing judge recommended probation. A lengthy pre-sentence hearing (as evidenced by a transcript of some 160 pages) followed which was devoted largely to the presentation of witnesses on behalf of defendant showing him to be a proper subject for probation. At the conclusion thereof, the judge sentenced defendant to ten years imprisonment and denied his request for probation.

Defendant posits his appeal on the single ground that refusal of the sentencing judge to grant probation constituted an "extreme abuse of ... discretion requiring remand for the limited purpose of resentencing." Defendant, with commendable candor, states that he does not question the length of sentence imposed or seek to have the guilty plea set aside.

■ Defendant and the state literally "lock horns" over whether a justiciable issue has been presented for appellate review. Their antipodal positions first surfaced when the state, following receipt of defendant's brief on appeal, filed a motion to dismiss the appeal. The state bottomed its motion to dismiss on the principle that a direct appeal following a guilty plea is restricted "to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge." *State v. LePage,* 536 S.W.2d 834, 835 (Mo.App.1976). See also:

*Riley v. State,* 588 S.W.2d 738, 739 (Mo.App. 1979); *State v. Zito,* 595 S.W.2d 383, 384 (Mo.App.1980); *State v. Fender,* 600 S.W.2d 683, 686 (Mo.App.1980); and *State v. O'Neal,* 626 S.W.2d 693, 694 (Mo.App.1981).

As defendant's brief patently disclosed that his single point neither questioned jurisdiction of the sentencing judge over the subject matter nor the sufficiency of the criminal charge, the state chose to stand on its motion to dismiss and did not file a respondent's brief. Defendant has summarily characterized the state's failure to file a respondent's brief as underscoring "the serious and unsettling abuse of judicial discretion which occurred below." Defendant's summary characterization is wholly unwarranted. Failure of the state to file a respondent's brief, which it was not required to do, but instead stand on its motion to dismiss and authorities in support cited therein, has been lifted out of context and unfairly stamped by defendant as tantamount to recognition by the state that the trial judge abused his discretion in not granting probation. Suffice it to say, defendant's unwarranted characterization has no bearing on the issues to be resolved.

At this juncture it is appropriate to recall what was said and held in *Benson v. State,* 504 S.W.2d 74, 76 (Mo.1974) with stark clarity free of any taint of ambiguity: "In disposing of this case, we do not want to be understood as reviewing on appeal the determination by the trial court as to whether to grant or deny probation. *Such determination is not subject to appellate review. The trial court is not even required to consider probation* but under the statute has the right to do so. *If he does, it is for the trial court to determine whether probation is to be granted or refused.*" (emphasis added) Under existing statutory law, L.1982, H.B. 1196, § 135, what was said in *Benson* with reference to the then prevailing statute, "[t]he trial court is not even required to consider probation but under the statute has a right to do so", still holds true.

Defendant focuses upon *State v. Phroper,* 619 S.W.2d 83 (Mo.App.1981) as ostensible authority for the proposition that refusal to grant probation is subject to appellate review. One does not have to microscopically examine *Phroper* to reach the conclusion that it fails to authoritatively support defendant's position. A macroscopic examination is adequate. Phroper, tried and found guilty by a jury, asked the trial court, after entry of judgment and pronouncement of sentence, to consider placing him on probation. The trial court, as affirmatively demonstrated by the record, erroneously concluded that it had no right to consider probation as Phroper had announced that he intended to appeal. On appeal, this was viewed as presenting "a sui generis situation" and that remand for the limited purpose of resentencing was a "proper curative measure". Id. at 90. In *Phroper,* 619 S.W.2d 90, care was taken to point out that even though probation was one of "several devices in the sentencing inventory ... [t]his does not mean or imply that the reasons which prompt a trial court to refuse to consider or grant probation are subject to appellate review ... [and] *Benson v. State,* supra, still controls in these respects." To preclude the possibility of having its opinion subsequently construed as sanctioning appellate review of a refusal to grant probation, as defendant presently attempts to do, the court in *Phroper,* 619 S.W.2d at 90, anticipatorily disavowed such a construction: "Remand of this case for the limited purpose of resentencing is not to be construed as suggesting or implying that the trial court should or should not grant probation. That is a matter which continues to rest in the absolute discretion of the trial court and is not subject to appellate review." *Benson v. State,* supra.

Defendant vigorously contends that refusal of the trial court in the instant case to grant probation represents a classic example of abuse of judicial discretion and therefore subject to appellate review. Interlocked therewith is a companion contention that certain remarks of the trial judge at the conclusion of the lengthy sentencing hearing unequivocally demonstrated that he

was predisposed at the outset to not even consider probation.

The lengthy sentencing hearing objectively demonstrates that the trial judge considered probation. Defendant's real fault lies with the trial court's refusal to grant probation. Concededly, a philosophy of penology presently abounds that (a) rehabilitation, (b) protection of society, (c) punishment, and (d) deterrence are to be weighed and balanced in determining what constitutes an appropriate sentence in a given case. Defendant seizes upon certain remarks of the trial judge at the conclusion of the sentencing hearing to the effect that rehabilitation, deterrence and protection of society would not appear to be served by defendant's confinement, as weighting the factor of punishment to the exclusion of all others in refusing to grant probation. The record discloses that in conjunction with his refusal to grant probation the trial court observed that "he [defendant] shot her in the back and then after she was on the floor he [defendant] shot her several times more to be sure that she was dead." Perforce, according to defendant, the sentencing judge abused his discretion in not granting probation. Defendant's insistence that this court extend appellate review to the trial court's refusal to grant probation is an invitation to walk into the legal "quicksand" of ultimately probing the subjective state of mind of the sentencing judge, an invitation which is authoritatively declined under *Benson v. State,* supra.

█ At this point it is appropriate to note that defendant cites *State v. Austin,* 620 S.W.2d 42 (Mo.App., E.D.1981) as authority for the proposition that a claim of "extreme abuse of discretion" in refusing to grant probation is subject to appellate review. Incidentally, *Austin* was a direct appeal from a verdict of guilty in a jury tried case. In *Austin* the trial judge refused to grant probation notwithstanding "favorable findings and conclusions" in a pre-sentence investigation report. In doing so the trial judge stated, "the Court has to consider that this is a homicide." Id. at 42. The appellate court concluded that "[t]he record reveals no abuse of discretion, extreme or otherwise, by the trial court." Id. at 43. For this reason alone it is questionable authority, at best, for the relief sought by defendant, i.e., remand for the limited purpose of resentencing. Finally, this court is unable to reconcile *State v. Austin,* supra, with *Benson v. State,* supra, where the Supreme Court of this state, 504 S.W.2d at 76, in clear, concise, explicit language held that "determination by the trial court as to whether to grant or deny probation ... is not subject to appellate review." This court is bound to follow *Benson v. State,* supra.

Although defendant has cited a number of federal cases [1] suggesting a right of appellate review from a refusal to grant probation in federally prosecuted cases, and, one in particular, *Woosley v. United States,* 478 F.2d 139 (8th Cir.1973), entertaining appellate review, not a single one purports to posit the right of appellate review on constitutional grounds. Defendant neither claims nor cites any authority that refusal to entertain appellate review of a trial court's refusal to consider or grant probation offends any provision of the Constitution of Missouri.

This court concludes that *State v. LePage,* supra, and its progeny, supra, continue to circumscribe the scope of appellate review on direct appeal from a guilty plea and *Benson v. State,* supra, authoritatively precludes enlarging the scope of appellate review on direct appeal from a guilty plea to encompass review of a refusal to grant probation.

Appeal dismissed.

All concur.

1. Defendant also cites several cases, for example, *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), explicating "due process" requirements pertaining to sentencing hearings in criminal cases to determine imposition of death sentences. Such cases are not deemed apposite to any issues presented in the instant case.