**STATE of Missouri, Respondent,**

v.

**Karen L. WOOD, Appellant.**

**No. 46632.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 4, 1984.

Application to Transfer Denied
May 15, 1984.

David O. Danis, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Karen L. Wood (defendant) appeals from a judgment entered on a jury verdict convicting her of stealing without consent, § 570.030.2(1), RSMo (1978), for which she was sentenced to imprisonment for four years. Defendant's points on appeal assert ineffective assistance of her trial counsel (who is not her counsel on this appeal), instructional errors, and wrongful refusal by the trial court to grant her request for probation. We affirm.

Defendant does not question the sufficiency of the evidence to support her conviction, so it is enough to say that it stems from her taking over eighty items (some of which were recovered and later summarized at trial as "antiques and household goods") from an estate sale auction held in Montgomery County, Missouri, in 1981. Defendant registered at the auction under a fictitious name, address and telephone number, and then over the course of the day successfully bid over $2,200 on the items. After darkness fell, but before the auction ended, defendant left with the items without paying for them. Three weeks later defendant was apprehended a couple of counties away trying to sell some of the items at a yard sale.

Defendant's claim of ineffective assistance of counsel, raised in her motion for new trial, includes trial counsel's pre-trial investigation and preparation as well as his conducting the trial itself. Both defendant and her trial counsel testified at the hearing on the motion for new trial. The trial court denied the motion without making findings of fact or conclusions of law. On appeal, defendant contends that she was deprived of effective assistance of counsel based upon the record before the trial court and based upon evidence outside of the record that was not before the trial court.[1]

1. Defendant contends she paid for the items she did successfully bid on, and that the auction

While the contention that the accused was not effectively represented at trial may be raised on direct appeal ... the issue is normally left for disposition in a post-conviction proceeding under Rule 27.26 to vacate judgment and sentence.... Only in very exceptional cases will the circumstances warrant consideration of the point on direct appeal. *State v. Gordon*, 657 S.W.2d 47, 50 (Mo. App.1983). This is not one of those "exceptional cases," nor is it one in which the allegations arise from isolated instances and the record as to each such instance is fully developed. *State v. Murphy*, 592 S.W.2d 727, 734 (Mo. banc 1979). We conclude that defendant should follow the procedure prescribed in Rule 27.26 so that all the facts may be fully developed on the record and the trial court can prepare findings of fact and conclusions of law which, if adverse to defendant, would make her claim amenable to meaningful appellate review.

■ Concerning defendant's claims of instructional error, defendant first assigns error to describing the appropriated property as "antiques and household goods" in Instructions 5 and 6, the State's verdict directors patterned on MAI–CR 24.02.1. Defendant argues that by summarizing the property thus, the instructions failed to limit the jury in its deliberations to that property specified in the information as having been stolen from the victim.

Implicit in the use of approved pattern instructions like MAI–CR is the notion that they should be simple, brief, and submit ultimate issues rather than detailed evidentiary facts. *See Houston v. Northup*, 460 S.W.2d 572, 575 (Mo. banc 1970) *cited in State v. Taylor*, 581 S.W.2d 127, 129 (Mo. App.1979); Rule 28.02(d). Many of the estate sale items alleged in the information were found in defendant's possession and were introduced into evidence at trial as separate exhibits. No property other than that which defendant allegedly took was alluded to at trial, and that property is aptly and fairly summarized by the description defendant challenges. The summary property descriptions in Instructions 5 and 6 comport with the requirements for pattern jury instructions and were not error.

Defendant also assigns error to Instruction No. 7, which was patterned on MAI–CR 2.60 (which was withdrawn effective June 1, 1983). Instruction No. 7 followed precisely the prescription therefor in *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981). The point is denied.

Defendant's last point is that the trial court's denial of her request for probation was an "extreme abuse of discretion." *State v. Austin*, 620 S.W.2d 42, 43 (Mo. App.1981).[2] The record discloses that de-

---

records that fail to show that payment and which also show her as the successful bidder on other items that proved missing resulted from "some mistake made at some point during the auction." To bolster her claim of trial counsel's perfunctory investigation of the "mistake," defendant states in her brief that in June 1983—six months after the hearing on her motion for new trial—she conducted a "mail investigation" among those who registered at the auction, and has obtained responses supporting her contention. Of course, the investigation results were not before the trial court nor are they in the record on review.

**2.** This court's Western District in *State v. Simmons*, 660 S.W.2d 319, 321 (Mo.App.1983) held:
 [T]his court is unable to reconcile *State v. Austin*, supra, with *Benson v. State* [504 S.W.2d 74 (Mo.1974)] where the Supreme Court of this state, 504 S.W.2d at 76, in clear, concise, explicit language held that 'determination by the trial court as to whether to

grant or deny probation ... is not subject to appellate review.' This court is bound to follow *Benson v. State,* supra.
To the same effect, *see State v. Geer*, 624 S.W.2d 143, 148 (Mo.App.1981), and *State v. Phroper*, 619 S.W.2d 83, 89–90 (Mo.App.1981).
 Though *Benson v. State* cites no authority for the rule that *State v. Simmons* followed, it became clear later in *Smith v. State*, 517 S.W.2d 148, 150 (Mo.1974) that the rule was based on § 549.411, RSMo (1969), which provided:
 The action of any court in granting, denying, revoking, altering, extending or terminating any order placing a defendant upon probation or parole is not subject to review by any appellate court.
 The rule in *Benson v. State* and *Smith v. State* effected that statute. But, as we note in *State v. Austin*, 620 S.W.2d at 43, the authority for the rule vanished with the repeal of the statute effective January 1, 1979. *See* Laws of Mo. 1977, p. 658. Hence we follow the rule allowing

fendant maintained her innocence through her sentencing hearing, which prompted the sentencing judge to remark in denying her request for probation:

... I disagree with you [i.e., defendant's counsel] as to the significance of an individual admitting their guilt before or after conviction. I think that is extremely important. I do not believe rehabilitation is feasible if an individual, assuming he or she is guilty, cannot bring themselves to admit their guilt. If they cannot themselves feel that they have done anything wrong, there is not much chance as far as I can see that they are going to be successful on probation and I am convinced that the first step in any case such as this toward rehabilitation is an honest admission of guilt.

 The record does not support defendant's assertion that her refusal to admit guilt was the sole reason that she was denied probation.[3] Assuming arguendo that such was the case, we find no error. Probation is a privilege not a right, which may be granted or withheld in the discretion of the sentencing court. *State v. Austin,* 620 S.W.2d at 43. The sentencing court need not state a reason for denying probation. *State v. Geer,* 624 S.W.2d 134, 148 (Mo.App.1981). In this case we cannot condemn the trial court's judgment that defendant's refusal to admit her guilt bodes ill for her rehabilitation if probation were granted. We find no abuse of discretion, extreme or otherwise.

The judgment is affirmed.

KAROHL, P.J., and STEWART, J., concur.

the limited review of orders denying probation that was formulated in *State v. Austin.*

3. We note that a pre-sentence report alluded to at sentencing recommended against probation.