STATE of Missouri, Respondent,

v.

Reginald BROWN, Appellant.

No. 34512.

Missouri Court of Appeals,
Western District.

April 3, 1984.

James W. Fletcher, Anne Hall, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant appeals a jury conviction for attempted forcible rape, § 566.030.2 RSMo. Supp.1982, and a sentence of five years imprisonment. Because this appeal focuses upon the sentence, only a brief recital of the facts is necessary. Defendant met the victim, a 21-year old woman, in a bar one evening. Two days later he called to ask her out on a date. They went to a drive-in movie using the victim's car. At the movie defendant first fell asleep but woke up and began trying to kiss and fondle his date. When she resisted he asked "if he had to take it." In response to the victim asking him what he meant, he placed his hands between her legs and said, "that." Defendant grabbed the victim's keys but after a struggle returned them to her. The defendant became somewhat apologetic and the victim began to drive him home. Defendant misdirected her, first into a park. The victim stopped the car several times and ordered defendant out of the car, but he refused. Finally, defendant grabbed the keys, and took over the driving. The victim tried to escape from the passenger side and the defendant chased her and dragged her by her leg down a nearby hill. At the bottom of the hill, defendant tore at the victim's clothes, tried to strangle and smother her, and beat her head to the ground. He pulled her jeans and underpants to her knees telling her if she was not still her head would be blown off. With her face to the ground, the victim felt defendant's penis on her back and buttocks. He told her she might as well give in.

An employee of the Kansas City Fire Department, who happened to be driving by in a car with her window rolled down, heard the victim's cries for help. She stopped, pointed the spotlight of her car toward the hill, and spotted two figures struggling. Defendant stood up from his position, pulled up his pants, and ran off.

The victim suffered multiple contusions, abrasions of the head, face, hands and left breast, and several fingernails broken to their attachments. Defendant at trial admitted accompanying the victim to the drive-in but denied any attempt to rape her.

Defendant's claim of error arises from remarks made by Judge Lombardo at the sentencing hearing, held three months after the jury's return of a guilty verdict. The judge first entertained comments from both defendant and his lawyer concerning the pre-sentence investigation report and defendant's *pro se* motion for probation. As indicated by defendant's comments, the report recommended against probation. The court asked whether defendant had any legal cause to show why judgment and sentence should not be pronounced. No objection was raised. The judge sentenced defendant to five years imprisonment in accordance with the jury's verdict, making the following remarks:

"Mr. Brown, on October 6th you were tried by a jury in this division for the crime of Attempted Forcible Rape, and the jury after deliberating found you guilty and recommended to the Court a sentence of five years at the Missouri Division of Adult Institutions. I'm overruling your motion for probation in this case.

Now the Court is aware that you have no prior misdemeanor felony conviction, but I must take into consideration the gravity of the offense. *I will also tell you that if the case had not gone to trial, the Court would have very seriously considered probation in this case, but it's the policy in this division anyway*

*that the Court does not change a sentence that is handed down by a jury, so that is the judgment and sentence of the Court.* It's five years at the Missouri Division of Adult Institution." (emphasis added).

No objection was raised to these remarks. On appeal, defendant presents a two-fold attack on the sentence imposed by the trial judge in accordance with the jury's verdict. First, he argues the denial of his request for probation violated his right to due process of law under United States and Missouri Constitutions because the judge refused to consider a sentence of probation in retaliation for the exercise of his right to proceed to trial. Second, he argues the trial judge abandoned his statutory role to sentence defendant through an announced policy of only imposing the sentence recommended by the jury, and he thereby lost all chance for a consideration of probation since the jury can only recommend a term of incarceration. Both points are denied.

■ The state counters by arguing the failure of appellant to object to the judge's remarks preserved nothing for review. Since these remarks by the judge were made after allocution had been granted, the failure to object will not be treated as a waiver of any potential errors. In any event, no error, plain or otherwise, occurred at the sentencing hearing.

■ The appellant premises his first point on a characterization of the following remark as evidence that the judge's pronouncement of sentence was punishment and retaliation for defendant's decision to proceed to trial: "I will also tell you that if the case had not gone to trial, the Court would have very seriously considered probation in this case ...." This prefatory remark was dissected from the rest of the sentence (which relates to defendant's second point): "... but it's the policy in this division anyway that the Court does not change a sentence that is handed down by a jury, so that is the judgment and sentence of the Court."

Piecing this sentence back together and viewing it in its entire context, the prefatory remark cannot fairly be construed as indicating an unconstitutional retaliation or punishment by the court for the exercise of defendant's right to a jury trial. The presentence investigation stood before the court, inferably recommending against probation, and both the appellant and his counsel had spoken on the subject, but the judge's initial and primary concern focused upon the gravity of the offense to which he had been found guilty at trial. Fairly construed, the appellant lost "serious consideration" for probation not because of the exercise of his right to a fair trial, but rather because of the gravity of the offense to which a jury had found defendant guilty.

■ Consideration of Point II (that the judge abused his discretion by pronouncing sentence as did the jury and that by doing so foreclosed any chance for probation) requires an impermissible review of the trial court's decision as to whether or not to grant probation, a determination not subject to appellate review. *Benson v. State,* 504 S.W.2d 74, 76 (Mo.1974); *State v. Simmons,* 660 S.W.2d 319 (Mo.App.1983). "That is a matter which continues to rest in the absolute discretion of the trial court and is not subject to appellate review." *State v. Phroper,* 619 S.W.2d 83, 90 (Mo. App.1981). Even under the scope of *State v. Austin,* 620 S.W.2d 42, 43 (Mo.App.1981) of the Eastern District the appellant's point would be without merit. Unlike *State v. Phroper, supra,* where the trial judge mistakenly believed the defendant's decision to appeal foreclosed any consideration for probation, the record here indicates the judge was fully cognizant of the option available of sentencing defendant to probation.

The judgment of conviction is affirmed.