**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Randy Lee KELLER,
Defendant-Appellant.**

No. 13676.

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 1, 1985.

J. Kent Howald, Pros. Atty., Steelville, for plaintiff-respondent.

Sidney T. Pearson, III, Pearson & Carter, St. James, for defendant-appellant.

GREENE, Judge.

Defendant, Randy Lee Keller, was jury-convicted of the class B misdemeanor of operating a motor vehicle while in an intoxicated condition, § 577.010,[1] and sentenced by the trial court to three months in the Crawford County jail and a fine of $300.

In his appeal, Keller first contends that it was error for the trial court to overrule his motion for judgment of acquittal filed at the close of the state's case because "the corpus delicti had not been established by evidence independent of an extra judicial statement that defendant was operating an automobile, which is a necessary element of the crime charged."

The evidence at trial was that Missouri State Highway Patrol Trooper T.M. Hannon, while investigating a report of an accident involving an automobile striking a road sign, observed Keller and another person attempting to push the automobile in question away from its position atop the broken sign with a third person at the wheel of the car. Hannon asked what happened, and Keller told him, "We've been run off the road." Hannon noticed that Keller's speech was slurred, and that he had a strong odor of intoxicants on his breath. Keller then told Hannon that he had been driving the car at the time of the accident. After administration of the recitation of the alphabet test, which Keller failed, and after observing the defendant stagger when he walked, Hannon arrested Keller on the DWI charge. A subsequent breathalyzer test showed that Keller had a blood alcohol content by weight of sixteen hundredths of one percent, which was evidence, under the law, that Keller was intoxicated.

▪ Keller's first claim that the admission into evidence of his statement that he was driving the automobile at the time of the accident came in his brief filed here on appeal. He did not object to the admission into evidence of Hannon's testimony that Keller said he was driving the car, did not raise the issue in his motion for judgment of acquittal at the close of the state's case, and did not raise it in his motion for new trial. The point was not preserved for appellate review. *State v. Walker,* 629 S.W.2d 558, 559 (Mo.App.1981); *State v. Sammons,* 640 S.W.2d 488, 489 (Mo.App. 1982); *State v. Wells,* 585 S.W.2d 267, 269 (Mo.App.1979).

Keller's remaining point is that the trial court erred in refusing his application for probation. He states that the reason given by the trial court for the refusal was that since defendant had requested a jury trial and the jury had recommended a three months' sentence, the trial court was not going to interfere with the jury verdict and recommendation of jail time.

▪ The record reveals that, at the time of sentencing, the trial court had before it Keller's past criminal record, which showed prior convictions of driving while intoxicated and sale of marijuana. Probation is a privilege, not a right, which may be granted or withheld in the discretion of the sentencing court. *State v. Wood,* 668 S.W.2d 172, 175 (Mo.App.1984). Denial of probation by the trial court is not reviewable, absent a showing of extreme abuse of discretion. *State v. Austin,* 620 S.W.2d 42, 43 (Mo.App.1981).

▪ The net effect of the trial court's remarks concerning Keller's request for a jury was that Keller had requested a jury; the jury had recommended a sentence of three months in jail and a fine, and that the trial judge saw no reason, under the facts, to deviate from the jury's recommendation, and grant probation. Neither do we. We find no abuse of discretion, extreme or otherwise. The point is denied.

Judgment affirmed.

CROW, P.J., and TITUS and FLANIGAN, JJ., concur.

1. Unless otherwise indicated all references to statutes are to RSMo 1978, V.A.M.S.