Stephen A. TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

No. 53759.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Dorothy Mae Hirzy, Sp. Public Defender,
Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. In that motion he sought to vacate five consecutive five-year sentences imposed after he pled guilty to two counts of rape and three counts of sodomy. We affirm.

On appeal movant challenges both the denial of an evidentiary hearing and the denial of his motion. He asserts his pleading, which alleged but for the "inaccuracies and misstatements" in the pre-sentence investigation report he would have received probation, stated facts not conclusions entitling him to relief. We disagree.

At movant's sentencing hearing his attorney informed the court she thought the pre-sentence investigation report was inaccurate because it did not discuss an evaluation of movant done at Fulton State Mental Hospital, did not include information about various treatment programs, and did not indicate that the victims' parents supported probation. The sentencing judge heard these objections and in response indicated she was aware of all those factors and had considered them, but that she was "also well aware of the nature of these crimes, the number of these crimes and the particular victims, and that [this had] weighed very heavily also." The decision to grant or deny probation is one for the sentencing court, and that decision will not be reversed unless there has been an abuse of discretion. *Smith v. State*, 517 S.W.2d 148, 150[5] (Mo.1974); *State v. Priesmeyer*, 719 S.W.2d 873, 876[5] (Mo.App.1986); *State v. Austin*, 620 S.W.2d 42, 43[1, 2] (Mo.App. 1981). It is clear from the record that the sentencing judge was aware of all the factors argued by movant's attorney and their inclusion in the report would not have resulted in probation being granted.

The denial of movant's Rule 27.26 motion was supported by substantial evidence on the record, was not against the weight of the evidence on the record, and was correct as a matter of law. An extended opinion would have no precedential value. Judg-

ment affirmed in accordance with Rule 84.-16(b).

DOWD and REINHARD, JJ., concur.