**STATE of Missouri, Plaintiff–Respondent,**

v.

**William MAGOUIRK, Defendant–Appellant.**

**No. 19537.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 1994.

Craig A. Johnston, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following nonjury trial defendant was convicted of sodomy. § 566.060.3, RSMo Supp. 1992. A request for probation was denied and defendant was sentenced to 5 years' imprisonment. Defendant appeals, presenting two points relied on.

■ Relying primarily on *State v. Bernard,* 849 S.W.2d 10, (Mo. banc 1993), and *State v. Phillips,* 854 S.W.2d 803 (Mo.App. 1993), defendant contends that the trial court erred in allowing testimony concerning uncharged acts of sexual misconduct committed by defendant upon the victim. *Bernard* did not involve prior acts against the victim as is the case here. Numerous cases hold that prior sexual conduct by a defendant toward the victim is admissible as it tends to establish a motive, that is satisfaction of defendant's sexual desire for the victim. *State v. Graham,* 641 S.W.2d 102, 105 (Mo. banc 1982); *State v. Barnard,* 820 S.W.2d 674, 678 (Mo.App.1991); *State v. Douglas,* 797 S.W.2d 532, 533 (Mo.App.1990); *State v. Gunter,* 715 S.W.2d 576, 578 (Mo.App.1986).

*Phillips* involved testimony from the victim and another witness about uncharged conduct. *Phillips* discusses *Bernard* at length. Defendant suggests *Phillips* necessitates a reversal in this case. This would require us to read *Phillips* as holding that the *Bernard* "signature modus-operandi/corroboration" exception is now the exclusive theory under which evidence of uncharged conduct may be admissible.

We do not read *Phillips* that way. The requirement in *Bernard* that uncharged conduct be so "unusual and distinctive" and so nearly "identical" to the charged conduct as to constitute defendant's "signature" addresses the traditional identity exception. Under similar circumstances, *Bernard* allows testimony of another victim to corroborate the testimony of the victim. *Phillips* does not address the traditional exception for motive, and it is not clear that the state raised that theory. Furthermore, we do not read *Bernard* as altering the law regarding the motive exception. Point one is denied.

■ Defendant asserts in his remaining point that the trial court erred in refusing to consider probation. The trial court's decision to grant or deny probation is reversible only on a showing of extreme abuse of discretion. *State v. Priesmeyer*, 719 S.W.2d 873, 876 (Mo.App.1986); *State v. Keller*, 685 S.W.2d 605, 606 (Mo.App.1985). No abuse of that discretion is present here. Point two is denied.

The judgment is affirmed.

GARRISON, P.J., and PARRISH, J., concur.