**STATE of Missouri, Plaintiff–Respondent,**

v.

**Andrea CARRILLO, Defendant–Appellant.**

No. 20514.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 21, 1996.

Motion for Rehearing and Transfer to
Supreme Court Denied Nov. 6, 1996.

Daniel L. Viets, H. Mark Preyer, Columbia, for appellant.

Jeremiah (Jay) Nixon, Attorney General, Joanne E. Joiner, Cheryl A. Caponegro, Asst. Attys. Gen., Jefferson City, for respondent.

PER CURIAM.

 Appellant entered a plea of guilty and was convicted on charges of drug trafficking in the second degree, punishable by a minimum of five years to a maximum of fifteen years in prison. The trial judge entered a sentence of six and one-half years in prison and denied Appellant's request for probation.

Appellant's only point is as follows:

The trial court erred in denying appellant's request for probation because such denial constituted an extreme abuse of discretion in that appellant had no prior criminal record, was convinced by her husband to assist in the illegal activity, fully cooperated with officials by consenting to the search of the vehicle, and has a three year old child to care for.

Respondent filed a motion to dismiss the appeal, contending that there cannot be appellate review of a denial of probation. In response, Defendant cites several cases for the contention that this court may reverse a denial of probation for extreme abuse of discretion. *State v. Magouirk,* 890 S.W.2d 17, 18 (Mo.App.1994); *State v. Priesmeyer,* 719 S.W.2d 873, 876 (Mo.App.1986); *State v. Keller,* 685 S.W.2d 605, 606 (Mo.App.1985); *State v. Austin,* 620 S.W.2d 42, 43 (Mo.App. 1981). In none of these cases did the defendant attempt to appeal after entering a guilty plea.[1]

 A defendant may appeal from the judgment and sentence entered upon a guilty plea; however the scope of review on such an appeal is restricted to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge. *Gougler v. State,* 859 S.W.2d 257, 259, n. 3 (Mo.App. 1993); *Tygart v. State,* 752 S.W.2d 362, 365 (Mo.App.1988); *State v. LePage,* 536 S.W.2d 834, 835 (Mo.App.1976). The scope of appellate review on direct appeal from a guilty plea does not encompass review of a refusal to grant probation. *State v. Simmons,* 660 S.W.2d 319, 321 (Mo.App.1983)(citing, but not exclusively relying on, *Benson;* see note 1 *supra* ).

Respondent's motion to dismiss is sustained. The appeal is dismissed.

---

1. Respondent argues that, even absent her guilty plea, Appellant could not appeal the denial of probation, citing *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). *See also State v. Ledbetter,* 907 S.W.2d 805, 806 (Mo.App.1995)(citing *Williams* ). The court in *Williams* concluded that "there is no right to appeal a trial judge's decision to grant or deny probation," citing *Benson v. State,* 504 S.W.2d 74, 76 (Mo.1974), which apparently relied on a statute that has since been repealed. *See State v. Wood,* 668 S.W.2d 172, 174 n. 2 (Mo.App.1984)(allowing limited review of orders denying probation after noting authority for the rule in *Benson* vanished with repeal of the statute).