**STATE of Missouri, Respondent,**

v.

**Donny Joe STOUT, Appellant.**

No. 72244.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1998.

Richard L. Beaver, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant, Donny Joe Stout, appeals from the trial court's denial of "Defendant's Petition for Reduction of Term of Sentence and Notice", filed pursuant to Section 558.046 RSMo 1994. Defendant argues the trial court denied his Section 558.046 petition in violation of his procedural due process rights because it summarily dismissed his petition without a proper hearing. The State filed a motion to dismiss defendant's appeal. We dismiss the appeal.

On March 22, 1983, a jury convicted defendant of violating Section 195.020, for the sale of marijuana. The trial court sentenced defendant to twenty-five (25) years imprisonment pursuant to Section 195.200.1(4).[1]

Defendant appealed from the judgment entered by the trial court. He was released on appeal bond. We affirmed the judgment on July 17, 1984. *State v. Stout*, 675 S.W.2d 931 (Mo.App.1984). Defendant absconded while on appeal bond, was thereafter apprehended, and commenced serving his sentence on August 10, 1988.

The General Assembly changed the applicable law in 1989. Section 195.211 RSMo Supp.1989, changed the penalty for distribution of marijuana, a class B felony, punishable under Section 558.011.1(2) to imprisonment for a term of not less than five (5) years or more than fifteen (15) years.[2] In 1993, the General Assembly passed Section 558.046, which provides authority for reducing a term of sentence pronounced by a court under certain circumstances.

On November 12, 1996, defendant filed his Section 558.046 petition, requesting a sentence reduction. The state filed a motion to dismiss the petition, alleging defendant was a prior and persistent offender and an escapee after his conviction was affirmed on appeal. On February 14, 1997, the trial court held a hearing on defendant's Section 558.046 petition. The defense counsel and the prosecutor each made arguments. The trial court

subsequently denied the state's motion to dismiss and denied defendant's petition for sentence reduction. Defendant now appeals from the trial court's denial of his Section 558.046 petition, challenging the sufficiency of the process used to deny his request for reduction.

 There is no right to appeal without statutory authority. *State v. Williams*, 871 S.W.2d 450 (Mo. banc 1994); *State v. Lynch*, 679 S.W.2d 858, 859 (Mo. banc 1984). Section 547.070 RSMo 1994 allows appeals in criminal cases from a "final judgment". A final judgment occurs when a sentence is entered. *State v. Lynch*, 679 S.W.2d at 859; *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693 (Mo. banc 1979). The trial court entered sentence in 1983. Defendant appealed from the "final judgment" and this Court affirmed his conviction in 1984. The denial of a petition requesting a reduction in sentence pursuant to Section 558.046 RSMo 1994 is not a "final judgment" for purposes of appeal.

"After the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." Rule 30.01(a). Similarly, an order sustaining or overruling a motion filed under the provisions of Rule 24.035 or Rule 29.15 shall be deemed a final judgment for purposes of appeal under the rules of civil procedure. Rule 24.035(k) and 29.15(k). There is no law permitting appeal from the denial of a request for sentence reduction pursuant to Section 558.046. The General Assembly has never revised Section 547.070 to allow appellate review of the denial of a Section 558.046 petition. Moreover, no civil procedure rule or statute makes the denial of a Section 558.046 petition appealable.

 A trial court has discretion when fixing sentences in the first instance. Generally, we will not review the trial court's sentence unless an abuse of discretion is shown by motive of partiality, prejudice or oppres-

---

1. In 1982, defendant was charged with a violation of Section 195.020, punishable under Section 195.200(4) by imprisonment for not less than five (5) years or more than life.

2. Defendant would have been entitled to the lower statutory penalty if his case had been pending on direct appeal when the statutory reduction of sentence took place. *Barnes v. State*, 826 S.W.2d 74, 76 (Mo.App.1992).

sion, or is induced by corruption. *State v. Loewe,*756 S.W.2d 177, 184 (Mo.App.1988). Similarly, a sentencing court has great discretion in applying Section 558.046. Section 558.046 states "the sentencing court *may* reduce any term of sentence or probation pronounced by the court or a term of conditional release or parole pronounced by the state board of probation and parole ..." The use of the word "may" is indicative of the amount of discretion a sentencing court has in regards to sentence reduction. Under the current statute, the sentencing court is not even required to consider sentence reduction, but has a right to do so. *See State v. Simmons,* 660 S.W.2d 319, 320 (Mo.App.1983); *Benson v. State,* 504 S.W.2d 74, 76 (Mo.1974) (holding a sentencing court is not required to grant probation).

In addition to a reduction of any term of sentence, Section 558.046 allows the sentencing court to reduce any term of probation or a term of conditional release or parole. The Missouri Supreme Court has held "the decision to grant or withhold probation in the first instance is entirely within the discretion of the court, [it] is a matter of grace and clemency and not a matter of right, and appellate courts have no power to review or revise such a decision." *Smith v. State,* 517 S.W.2d 148, 150 (Mo.1974); *see also, State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994); *Benson v. State,* 504 S.W.2d 74 (Mo. 1974); *State v. Simmons,* 660 S.W.2d 319 (Mo.App.1983).

If this court has no jurisdiction to review the grant or denial of probation in the first instance, it certainly has no jurisdiction to review a decision of a sentencing court denying a request for reduction of probation pursuant to Section 558.046. The concepts of sentence reduction, probation reduction, and parole reduction are interwoven and treated identically in Section 558.046. Like probation in the first instance or probation reduction in the second, sentence reduction under Section 558.046 is entirely within the discretion of the sentencing court. Sentence reduction is a matter of grace and clemency and not a matter of right. Appellate courts have no power to review or revise such a decision.

Defendant cites *McFadden v. Hartman,* 677 S.W.2d 948 (Mo.App.1984), for the proposition that the General Assembly authorized appeals to be taken from special orders rendered, after a final judgment has been rendered, in subsequent ancillary proceedings. The cited case is inapposite to the issue presented in the instant case. Not only does *McFadden* fail to hold the denial of Hartman's motion to set aside judgment nisi and hold in abeyance is appealable as a special order after final judgment in the cause, but it deals only with Section 512.020, allowing for appeals in civil cases. This is a criminal case. Section 547.070, which governs appeals in criminal cases, provides no authority to appeal from the denial of a petition under Section 558.046.

A decision regarding reduction under Section 558.046 is entirely within the sentencing court's discretion. It is a privilege which may be granted or withheld in the discretion of the sentencing court, not a matter of right. There is no authority for the proposition that refusal to entertain appellate review of a sentencing court's denial of a Section 558.046 petition without a hearing offends any constitutional provision. We do not have jurisdiction to consider this appeal. The appeal is dismissed.

CRANDALL and KAROHL, JJ., concur.