**STATE of Missouri, Respondent,**

v.

**Frank C. MOORE, Appellant.**

**No. WD 50162.**

Missouri Court of Appeals,
Western District.

June 18, 1996.

As Modified July 30, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 30, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Rosemary E. Percival, Public Defender, Kansas City, for appellant.

John M. Morris, Asst. Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

Frank C. Moore appeals from his conviction, after jury trial, for one count of forcible sodomy, § 566.060, RSMo 1986, for which he was sentenced to seven years imprisonment. Moore contends that the trial court erred in overruling his challenges for cause as to two venirepersons. He contends that both veni-

repersons expressed a predisposition to improperly consider his prior conviction for sexual abuse as evidence of guilt of forcible rape and sodomy. The judgment of the trial court is affirmed.

On March 6, 1991, Moore pled guilty to sexual abuse in the second degree. The victim in that case was Moore's daughter, Tammy [1]. As a result of these allegations, the Division of Family Services took custody of Tammy. Tammy was sent to live in various group homes but frequently ran away. In March 1993, Tammy went to live with a woman named Elaine. Elaine told Tammy that she could not stay with her because she could not afford to pay extra rent for Tammy. Moore went to Elaine's home to pick up Tammy. The evidence, considered in the light most favorable to the verdict, was that Moore took her to a motel. Moore ordered Tammy to take off her clothes. She refused and he slapped her. Moore took off his clothes and sexually assaulted Tammy.

Moore left the motel, warning Tammy that he would kill her if she ran. Tammy eventually left the motel and walked to her stepmother's house. Tammy told her stepmother what had happened and called the police the next day. Tammy was taken to Children's Mercy Hospital for an examination. Moore was arrested and, after reading and signing a *Miranda*[2] waiver form, "[H]e bowed his head and said that he'd had sex with his daughter at the motel." At trial, Moore testified on his own behalf and repudiated his confession. He testified that he did not commit sodomy upon or have sexual intercourse with Tammy. The jury found Moore guilty of forcible sodomy and assessed punishment at seven years imprisonment.

▮ In his sole point, Moore contends that the trial court erred in overruling his challenges for cause as to venireperson Larry Karban and venireperson Mark Rasmussen in that both venirepersons expressed a predisposition to improperly consider his prior conviction for sexual abuse as evidence of guilt of forcible rape and sodomy. Initially we note that Moore did not include Rasmus-

sen among those he claimed should have been struck for cause in his motion for new trial. "An assertion of error not raised in the post-trial motion leaves an appellate court nothing to review...." *State v. Harris,* 620 S.W.2d 349, 354 (Mo. banc 1981). We decline to review the trial court's refusal to strike venireperson Rasmussen. We will review the action concerning venireperson Karban, which was properly preserved.

The following exchange, relevant to review of Moore's contention concerning venireperson Karban, occurred during the defense attorney's questions to the panel during voir dire:

MS. HENRY: Okay. I asked the question: Is the case over for you right now because you learned that he's got a prior offense, a misdemeanor offense for sexual assault? Is the case all over for you at this point?

VENIREMAN DOSS: It isn't over, but I would consider it.

MS. HENRY: You would consider it?

VENIREMAN DOSS: Yes, I would.

MS. HENRY: Thank you, Mr. Doss. I appreciate your honesty. Mr.—

VENIREMAN KARBAN: —Karban.

MS. HENRY: Yes, sir.

VENIREMAN KARBAN: I'm about like him. It's not going to influence my decision in this case, but it will be on my mind.

Moore contends that Venireman Karban's remarks indicated that he might not be able to consider the evidence without bias and that Karban's answer sparked the trial court's duty to question Karban further to see if he was qualified. *State v. Brown,* 749 S.W.2d 448, 452 (Mo.App.1988).

▮ A trial court has broad discretion in its determination of whether to strike a venireperson for cause. *State v. Wise,* 879 S.W.2d 494, 512 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 757, 130 L.Ed.2d 656 (1995). The trial court is in the best position to observe a venireperson's demeanor and assess credibility. *Id.* It follows, therefore, that the trial court "is in the best position to evaluate the venireperson's com-

---

1. The name of the victim has been changed in this opinion in order to protect her privacy.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

mitment to follow the law contained in the instructions." *State v. Brown,* 902 S.W.2d 278, 285 (Mo. banc), *cert. denied,* — U.S. —, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). We review under an abuse of discretion standard, looking to whether the record reflects that there is a real probability that the complaining party was injured. *State v. Burgess,* 800 S.W.2d 743, 746 (Mo. banc 1990).

■ In this case there was nothing to trigger a duty on the part of the court to follow up. The trial court's duty to make an independent inquiry as to a potential juror's qualification arises only when the venireperson equivocates about his ability to be fair and impartial. *Id.* A realistic interpretation of what the venireperson was saying is that although he cannot bring himself to forget about the fact that there is a prior conviction for sexual assault, he will consciously choose not to let his awareness of the conviction interfere with the decision he reaches in the case. This is not an unusual posture for venirepersons when confronted with information which tends to affect their view of a party. It is not an equivocation. It is a promise to set aside the negative information and to decide the case as though the negative facts were not true. If the defense desired to challenge the venirepersons for cause, it had a duty to follow up with questioning which would reveal that the venirepersons could not decide the case impartially. Moreover, appellant fails to show that Mr. Karban would not legally have been permitted to consider the prior conviction for some purpose. Testimony concerning a defendant's prior sexual misconduct with a particular victim is admissible for showing the defendant's peculiar interest in that victim. *See State v. Schaal,* 806 S.W.2d 659, 664 (Mo. banc 1991), *cert. denied,* 502 U.S. 1075, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). Of course, it is not admissible just to show defendant's bad character,[3] but the questioning of Mr. Karban in this case failed to distinguish between proper and improper considerations of such evi-

dence. It cannot be error to fail to strike a venireperson who has given no indication of inability to follow the court's instructions. Point denied.

Judgment is affirmed.

All concur.

---

3. Section 566.025, RSMo 1994, provides that evidence of prior sexual misconduct with young children is admissible to show propensity to commit such crimes. This statute became effective after Moore's trial. Even if the victim, at the time of the second offense, was past the age

(under fourteen) indicated by the statute, nevertheless, on a retrial, the prior offense would still be admissible to show "peculiar interest" in this victim. *State v. Magouirk,* 890 S.W.2d 17 (Mo. App.1994).