**STATE of Missouri, Plaintiff-Respondent,**

v.

**Otis Lee SMITH, Defendant-Appellant.**

No. 47676.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied Feb. 26, 1985.

Debra Buie Arnold, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Otis Lee Smith guilty of the capital murder of his landlords Pierre Fortson and Bernice King. The trial court sentenced defendant under RSMo. Sect. 565.001 to consecutive term of

life imprisonment with eligibility for parole for minimum of 50 years on each count.

Here defendant raises the single point the court erred in denying his exonerating intoxication instructions. (MAI–CR 2nd 3.30.1).

The relevant evidence from defendant's unchallenged statements to police and his trial testimony: He was a heavy drinker. He had rented a room from the victims for three months but midway they had argued and victims asked him to leave. On October 18–19, 1982 while defendant had been sleeping Mr. Fortson came to defendant's room, argued and before leaving brandished but did not take defendant's two knives and two loaded guns. After some sleep defendant took one of his guns "for protection" and went into the victims' bedroom, saw Mr. Fortson had some object in his hand and then "in defense" shot and killed Mr. Fortson by three shots and Mrs. King by two shots. Defendant then put both bodies in his truck and moved it to an alley. Taking liquor with him defendant then drove Mrs. King's car to a job.

Upon arresting defendant police repeatedly advised him of his rights. He answered police questions and made lengthy taped statements admitting both killings.

As said, defendant here relies on refusal of his exonerating intoxication instructions.

Both parties cite *State v. Gullett*, 606 S.W.2d 796 (Mo.App.1980), a comprehensive study on the defense of voluntary intoxication in homicide cases. The court there held defendant's cited case of *State v. Anderson*, 515 S.W.2d 534 (Mo. banc 1974) was not controlling on the defense of voluntary intoxication. Instead, GULLETT held the intoxicated condition referred to in Sect. 562.076 means "that degree of complete drunkenness which makes a person incapable of forming intent to perform an act or commit a crime."

The case of *State v. Bienkowski*, 624 S.W.2d 107[1–3] (Mo.App.1981) followed GULLETT and upheld the refusal to instruct on the defense of intoxication be-

cause that defendant, as here, "testified too much" about details of the offense. We added:

"To support an instruction on this defense, evidence must be presented that tends to show defendant was so intoxicated that he did not know what he was doing. Note on Use 4, MAI–CR2d 3.30.-1."

And in *State v. Cole*, 662 S.W.2d 297[9–11] (Mo.App.1983) we held defendant's conduct is relevant to his claimed intoxication and to excuse a crime "the condition of intoxication must be so extreme as to suspend all reason."

The defendant's quoted testimony refutes his claim the trial court erred by refusing his proffered instruction that he was so intoxicated he could not have intended to kill.

Affirmed.

DOWD, P.J., and CRIST and CRANDALL, JJ., concur.