**Otis Lee SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56628.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 17, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 1990.

Application to Transfer Denied June 19, 1990.

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals from an order denying post conviction relief under former Rule 27.26. Movant's motion was filed on January 26, 1987, prior to repeal of the former rule. We affirmed two convictions on charges of capital murder. *State v. Smith*, 684 S.W.2d 519 (Mo.App.1984). After an evidentiary hearing the motion court denied relief under the rule after entering findings of fact and conclusions of law adverse to the motion.

This appeal involves movant's claims of: (1) ineffective assistance of counsel, and (2) pre-trial and trial procedures which contained errors of "constitutional magnitude" and denied movant due process, equal protection, a fair trial, and freedom from unreasonable searches and seizures. We find no trial court error of fact or law.

Movant's first point argues ineffective assistance of counsel because trial counsel failed: (1) to file a motion to suppress evidence obtained without a search warrant; (2) to obtain a psychiatric expert to establish a defense of mental disease or diminished capacity; and, (3) to obtain an expert to support a defense of intoxication. We consider these subpoints in the same order.

Movant failed to prove there were any facts to support a motion to suppress evidence. The police followed a trail of blood into the victims' home. They had no warrant but none was required. *State v. Epperson*, 571 S.W.2d 260, 263–265 (Mo. banc 1978); *State v. Ramsey*, 665 S.W.2d 72, 74 (Mo.App.1984). Failure to file a motion to suppress unsupported by fact and law is not ineffective assistance of counsel.

Trial counsel secured an examination of movant by a psychiatrist. The examination and opinion refuted the defense of mental disease or defect. Further, the motion court found movant presented no evidence whatsoever that he suffered from a mental disease or defect or from diminished capacity. On the contrary movant testified at the hearing he was not "crazy"; that he was not too drunk to know what was going on; and, that he acted in self-defense. In the absence of proof that an expert would have established a viable defense of mental disease or defect no deficiency of duty of trial counsel was proven. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984).

The claim based on failure to offer expert testimony to support an intoxication defense was correctly rejected by the motion court because that defense was the subject of movant's direct appeal. The opinion of this court rejected the defense based on movant's own testimony. Movant may not use Rule 27.26 to relitigate an issue decided on direct appeal. *O'Neal v. State*, 766 S.W.2d 91, 92 (Mo. banc 1989).

Movant's second point claims procedural errors of "constitutional magnitude." The three subpoints of this claim of error are merely a restatement of the issues argued under the first claim of error: a search and seizure violation, no psychiatric examination under Chapter 552, and refusal of an intoxication defense instruction. Our opinion on movant's direct appeal and on point I fully disposes of these matters.

The findings, conclusion and judgment of the motion court are fully supported in fact and law. Accordingly, they were not clearly erroneous. We affirm. Rule 27.26(j).

CRANDALL, P.J., and SIMEONE, J., concur.