**STATE of Missouri, Appellant,**

v.

**Paul TINOCO, Respondent.**

**No. WD 54332.**

Missouri Court of Appeals, Western District.

Jan. 20, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1998.

Application to Transfer Denied April 21, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Appellant.

Elizabeth Unger Carlyle, Lee's Summit, for Respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

The State of Missouri appeals the circuit court's judgment granting Paul Tinoco's motion for a new trial. After a jury trial on January 23, 1997, in the Circuit Court of Jackson County, the jury returned guilty verdicts against the respondent on five counts of the class B felony of assault in the first degree, § 565.050,[1] one count of the class A felony of assault in the first degree, § 565.050, and six counts of the class A felony of armed criminal action, § 571.015. After trial, the respondent filed a motion for judgment of acquittal, or in the alternative, for a new trial. The trial court overruled his motion for judgment of acquittal, but sustained his motion for a new trial based on ineffective assistance of counsel.

On appeal, the State claims that the trial court erred in granting the respondent's motion for a new trial on the basis of ineffective assistance of counsel because it lacked the authority to do so in that the exclusive after-trial procedure by which to seek relief for a claim of ineffective assistance of counsel, including a new trial, is by a Rule 29.15 motion.

We affirm.

### Facts

After a trial on January 23, 1997, in the Circuit Court of Jackson County, the jury returned its verdicts finding the respondent guilty of five counts of the class B felony of assault in the first degree, § 565.050, one count of the class A felony of assault in the first degree, § 565.050, and six counts of the class A felony of armed criminal action, § 571.015. Pursuant to Rules 27.07(c) and 29.11(b), the appellant had fifteen days after the return of the verdict in which to file his motion for judgment of acquittal or a motion for new trial. The trial court granted the respondent an additional ten days, as authorized by Rules 27.07(c) and 29.11(b), to file his motions. As such, his motion for judgment of acquittal, or in the alternative, a motion for a new trial was due no later than February 17, 1997. However, the respondent did not file his motions until February 24, 1997, seven days out of time. Nevertheless, after the time for filing his motions had lapsed, the respondent obtained a new attorney who filed an "Amended Motion for Judgment of Acquittal or in the Alternative for a New Trial" with suggestions in support thereof on April 16, 1997. In his amended motions, the respondent alleged that his right to due process was violated in that he received ineffective assistance of trial counsel.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

On April 17, 1997, the trial court denied his amended motion for judgment of acquittal, sustained his amended motion for a new trial based on plain error under Rule 29.12(b). In sustaining the respondent's amended motion for a new trial, the court stated

I have tried over 100 criminal jury trials and I have never felt compelled because of ineffectiveness of counsel to question a jury verdict. But in this case defense counsel was so ineffective that I could not in good conscience allow that verdict to stand and so, therefore, the Court will grant a new trial.

This appeal follows.

### Standard of Review

■ This appeal involves a question of law. "[Q]uestions of law fall within this court's province of independent review and correction." *Barry Service Agency Co. v. Manning,* 891 S.W.2d 882, 887 (Mo.App.1995). Or, in other words, as to questions of law, our review is *de novo* with no deference being paid to the trial court's determination of the law.

### I.

In the State's sole point on appeal, it claims that the trial court erred in granting the respondent's motion for a new trial on the basis of ineffective assistance of counsel because the trial court lacked the authority to do so in that the exclusive after-trial procedure by which to seek relief for a claim of ineffective assistance of counsel, including a new trial, is pursuant to a Rule 29.15 motion. The respondent contends that Rule 29.15 only applies after, not prior to, conviction.

The parties agree that the respondent's amended motion for a new trial was untimely filed; and therefore, the trial court could only consider the allegations contained therein for plain error pursuant to Rule 29.12(b). Rule 29.12(b) states that "[p]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The State does not challenge the trial court's plain error grant of the respondent's motion for a new trial. However, it does challenge the

trial court's authority to grant the respondent's amended motion for a new trial on the basis of ineffective assistance of counsel. Thus, the issue that we must decide is whether a trial court has the authority to grant a new trial pursuant to Rule 29.11(a) on the basis of ineffective assistance of counsel or whether Rule 29.15 provides the exclusive after-trial procedure for addressing claims for relief on the basis of ineffective assistance of counsel, including a new trial. In order to determine this issue, we logically have to determine the effect of Rule 29.15.

■ Rule 29.15(a) provides, in pertinent part:

A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel ... may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

"In our interpretation of Rule 29.15, we are guided by the same standards as those used in the construction of statutes." *Rohwer v. State,* 791 S.W.2d 741, 743 (Mo.App.1990) (citing *State ex rel. Degeere v. Appelquist,* 748 S.W.2d 855, 857 (Mo.App.1988)). Our primary role is "to ascertain the intent of the framers of the rule from the language used, and to give effect to that intent. To do so, the words of the rule are considered in their plain and ordinary meaning." *Id.* We agree with the respondent that, giving the pertinent language of Rule 29.15 its plain and ordinary meaning, it only applies after an individual has been convicted and is seeking relief from his or her conviction or sentence. In other words, it is an exclusive procedure only after, but not prior to, conviction. Consistent with this fact, it should be noted that Rule 24.035 and Rule 29.15 motions are commonly referred to throughout the legal community as *post* conviction relief motions.

The State contends that an interpretation of Rule 29.15 allowing a trial court to grant a

**90**

motion for a new trial on the basis of ineffective assistance of counsel will create havoc in the criminal justice system in that prosecutors will be forced to continuously be prepared to conduct an evidentiary hearing regarding ineffective assistance of counsel prior to sentencing and trial judges will be required to enter findings of facts and conclusions of law. We cannot agree that counsel will so often be guilty of plain error creating manifest injustice. The trial court here noted this was the first such case he had seen out of 100 trials. In any event, we cannot be guided by such policy arguments where they conflict with the plain language of the rule as written by the Supreme Court of Missouri.

■ Other than the State's argument that the trial court lacked the authority to grant the respondent's motion for a new trial on the basis of ineffective assistance of counsel, it does not cite any authority for the proposition that ineffective assistance of counsel does not constitute "good cause" to support the granting of a new trial under Rule 29.11(a). Given the lack of any authority to the contrary, logically, a constitutional claim of ineffective assistance of counsel would constitute good cause.

■ Having determined that a trial court does have the authority to grant a motion for a new trial on the basis of ineffective assistance of counsel, the only issue left to decide here is whether the respondent had been convicted when he raised his claim of ineffective assistance of counsel in his amended motion for a new trial. There is no argument on this issue. Rule 29.11(c) provides that "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined." Obviously, the trial court had not yet determined the respondent's motion for a new trial in the case at bar, and thus, no judgment of conviction had been rendered, and as such, Rule 29.15 was not yet applicable. As such, we find that the trial court had the authority to grant the respondent's amended motion for a new trial under Rule 29.11(a) on the basis of ineffective assistance of counsel.

■ At the conclusion of its argument on its sole point on appeal, the State argues that there was no factual basis to support the trial court's grant of a new trial on the basis of ineffective assistance of counsel. However, the State failed to include this claim in its Point Relied On. We will not review an argument which a party attempts to make in the argument section of its brief which was not also included in its Point Relied On. *State v. Winters,* 900 S.W.2d 636, 640 (Mo.App.1995) (citations omitted).

Point denied.

### Conclusion

The circuit court's judgment granting the respondent's amended motion for a new trial is affirmed.

All concur.