James **RUSSELL**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. ED 75375.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 14, 1999.

---

S. Paige Canfield, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

Before GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

GARY M. GAERTNER, Presiding Judge.

Appellant, James Russell ("movant"), appeals the judgment of the Circuit Court of Cape Girardeau County wherein it denied his Rule 24.035 motion without an evidentiary hearing. We reverse and remand.

On September 2, 1997, movant entered his plea of guilty to three counts of forgery, RSMo section 570.090,[1] one count of misdemeanor trespass, RSMo section 569.140, one count of misdemeanor stealing, RSMo section 570.030, and one count of passing a bad check, RSMo section 570.120. The exact terms of the plea agreement are not clearly set forth in the record as required by Rule 24.02(d). However, movant states on appeal and the state does not deny, part of the plea agreement included a promise from the state that movant would be able to visit his treating cardiologist, Dr. DeFelice, and undergo any treatment recommended by him prior to being sentenced. This is supported by paragraph 13 of the Petition to Enter a Plea of Guilty which states:

> The Prosecuting Attorney promised that if I plead [guilty] he will do the following: Recommend a 5 year sentence on all cases to run concurrent, sentencing to be delayed until after I have heart surgery. Sheriff's office will take me to my doctor for proof I need surgery, then will recommend an O.R. bond to get the surgery. After recovery, I will be sentenced to 5 years.

The court deferred sentencing in order to review a pre-sentencing investigation and any medical reports concerning movant's heart condition. After discussing movant's condition with Dr. Pewitt, "a doctor who does work for the county," and

---

1. All statutory references are to RSMo 1994.

reviewing evaluation records made available to the court by Dr. Pewitt, the court determined the plea agreement had been upheld by allowing movant to be evaluated and determined there was no current medical treatment necessary. On September 15, 1997, movant was sentenced to serve five years of imprisonment in the Missouri Department of Corrections.

On March 3, 1998, following appointment of counsel, an amended motion for post-conviction relief under Rule 24.035 was filed. The amended motion included the claim movant's guilty pleas were made involuntarily, unknowingly, and unintelligently. Movant claimed he entered the pleas of guilty with the understanding he would be taken to his own physician to have his heart condition evaluated, and he would receive treatment for his heart condition before being sentenced. Movant further alleges he was never taken to see his doctor as required by the terms of the plea agreement. On August 24, 1998, the motion court issued findings of facts, conclusions of law, and judgment. The court found the Sheriff's Department arranged an appointment for movant with Dr. De-Felice who reported there was little he could do for movant. The motion court denied, without an evidentiary hearing, movant's Rule 24.035 motion, finding his claim was factually inaccurate and without merit. This appeal ensued.

■ Movant raises one point on appeal. Movant alleges he pled guilty under the mistaken belief that in exchange for his guilty plea he would be examined by his own doctor and allowed to undergo treatment if necessary, which movant alleges failed to occur and this failure is not refuted by the record. We agree.

■ "Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *State v. Tokar*, 918 S.W.2d 753, 761 (Mo.banc 1996).

"Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made." *Melton v. State*, 927 S.W.2d 391, 393 (Mo.App. E.D.1996). "In order to be entitled to an evidentiary hearing, a movant must 1) cite facts, not conclusions, which, if true, would entitle movant to relief; 2) the factual allegations must not be refuted by the record; and 3) the matters complained of must prejudice the movant." *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo.banc 1992).

■ A plea agreement is a binding contract between the state and a defendant. *See, e.g., Shepard v. State*, 549 S.W.2d 550, 551 (Mo.App.K.C.D.1977). Rule 24.02 dictates that the terms must be clearly set forth in the record and "[u]nless a plea agreement impaired the voluntariness or intelligence of a guilty plea, the defendant has no constitutional right to have the plea bargain specifically enforced." *State v. Price*, 787 S.W.2d 296, 299 (Mo.App. W.D.1990).

The movant's amended Rule 24.035 post-conviction relief motion alleged he was misled by the representations made by his attorney to believe if he entered guilty pleas he would be taken to his own physician to have his heart condition evaluated, and he would receive treatment from his own doctor before being sentenced. Movant further alleges he was never taken to see his doctor as required by the terms of the plea agreement.

These allegations are not clearly refuted by the record. At the sentencing hearing, the court referred to a conversation with Dr. Pewitt, "a doctor who does work for the county" and an evaluation provided by him to determine there was no further necessary medical treatment before sentencing movant. Even though the court makes reference to an appointment and evaluation with movant's doctor, Dr. De-Felice, in its judgment on the Rule 24.035 motion, the record is not clear as to when and if movant had an appointment with Dr.

DeFelice, and what, if any, evaluation was provided by the doctor and reviewed by the sentencing court.

Movant gave up his right to be tried in a court of law as consideration for this plea agreement. If, as alleged by movant, he did not see his doctor and was not treated in accordance with the alleged agreement, movant was clearly prejudiced.

The record is unclear as to the specificity of the plea bargain and whether a breach of the plea bargain occurred. Based on the foregoing, movant is entitled to an evidentiary hearing on his claim for post-conviction relief based on his allegation. Accordingly, we reverse and remand for an evidentiary hearing on the allegation the plea agreement was not upheld.

PAUL J. SIMON, J.; and JAMES R. DOWD, J., concur.