**George Lee VERNOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 77262.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 26, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2000.

George Lee Vernor, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

George Lee Vernor (Appellant) has filed an appeal from the circuit court's denial of his motion filed pursuant to Rule 29.12(b) in which he sought relief for plain error in his conviction and sentence. Pursuant to the State's motion, we dismiss the appeal.

In June 1993, Appellant pleaded guilty to first-degree assault, Section 565.050, RSMo 1986, and armed criminal action, Section 571.015, RSMo 1986. Pursuant to a plea agreement with the State, the plea court sentenced Appellant to concurrent terms of fourteen years for first-degree assault and three years for armed criminal action. Appellant did not file a direct appeal from his conviction and sentence. Instead, Appellant filed a Rule 24.035 motion for post-conviction relief, which the motion court denied without a hearing. In *Vernor v. State*, 894 S.W.2d 209, 211 (Mo.App. E.D.1995), we remanded his motion for a hearing. On remand, the motion court held a hearing and denied Appellant's motion. This judgment was upheld in *Vernor v. State*, 926 S.W.2d 685, 686 (Mo.App. E.D.1996).

On December 1, 1999, Appellant filed a petition for relief under Rule 29.12(b). Appellant sought relief for "plain error" from his 1993 convictions for first-degree assault and armed criminal action. On December 7, 1999, the circuit court entered a judgment dismissing, overruling and denying Appellant's Rule 29.12(b) motion. Appellant filed this appeal. In response, the State filed a motion to dismiss the appeal, contending Rule 29.12(b) will not support an independent cause of action, and therefore, this Court lacks jurisdiction to entertain Appellant's appeal. We agree and dismiss the appeal.

Rule 29.12(b) provides:

**(b) Plain error.** Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Appellant's motion under Rule 29.12(b) was filed independently of his underlying criminal case. In *State v. Massey*, 990 S.W.2d 201, 204 (Mo.App. S.D.1999), the Southern District of the Court of Appeals held that Rule 29.12(b) will not support an independent cause of action. In that case, a jury convicted Massey of first-degree murder. *Id.* at 201. Massey had filed a motion under Rule 29.12(b) on the day of his sentencing after the trial court had denied his motion for new trial. *Id.* at 203. The Southern District found that Rule 29.12 made no provision for such an independent motion to enforce claims of plain error. *Id.* at 204. The court pointed out that Rule 29.11 addresses appropriate after-trial motions to be filed in circuit court and this rule makes no provision for an independent motion under Rule 29.12(b). *Id.*

We agree with the reasoning in *Massey* and apply it here, even though Appellant pleaded guilty as opposed to being convicted after a jury trial. Here, the Supreme Court rules still provide no basis for an independent motion under Rule 29.12(b). Appellant's remedy was to pursue a motion for post-conviction relief under Rule 24.035, which he did. Appellant is not entitled to a successive Rule 24.035 motion, which is clearly what he is attempting to do by filing a motion labeled as a Rule 29.12(b) motion. Rule 24.035(*l*); *See also, State v. Vickery*, 878 S.W.2d 460 (Mo.App. E.D.1994). Even so, the circuit court correctly dismissed Appellant's motion because there is no independent basis for it.

 Moreover, our Court is without jurisdiction to entertain Appellant's appeal. First, as noted above, there is no independent basis for this motion and as a logical result, there can be no appealable judgment. In addition, there is no statute providing the right to appeal from a Rule 29.12(b) motion. We discussed a similar issue in *State v. Stout*, 960 S.W.2d 535 (Mo.App. E.D.1998). There, Stout filed a petition for reduction of his sentence pursuant to Section 558.046, RSMo 1994, which the trial court dismissed. On appeal, we also dismissed, finding there was no statutory authority for such an appeal. *Id.* at 536. We noted that the only provisions regarding an appeal in Stout's case were under Section 547.070, RSMo 1994, for appeals in criminal cases from a "final judgment" and an order sustaining or overruling a motion filed under Rule 24.035 or 29.15. *Id.* Similarly, no appeal is possible from the trial court's refusal to exercise its discretion to set aside or amend a judgment under Rule 75.01. *State v. Sielfleisch*, 884 S.W.2d 422, 431 (Mo.App. E.D.1994).

Like *Stout*, we find no law permitting an appeal from a Rule 29.12(b) motion. Accordingly, without an independent basis for the motion and no statutory authority for an appeal, we have no jurisdiction to consider Appellant's appeal.[1]

The appeal is dismissed.

MARY RHODES RUSSELL, J., and RICHARD B. TEITELMAN, J., concur.

---

1. We enter this decision fully cognizant that in the past our courts have purported to entertain appeals in Rule 29.12(b) motions, but have not discussed the jurisdictional issue. *See, State v. Taylor*, 977 S.W.2d 507 (Mo.App. S.D.1998); *Merriweather v. State*, 884 S.W.2d 359 (Mo.App. W.D.1994); *Vickery*, 878 S.W.2d at 460 (where the courts addressed the 29.12(b) appeals, but this jurisdictional issue was not raised or discussed).