James RUSSELL, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 77936.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 20, 2001.

Lisa M. Stroup, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

James Russell (Movant) appeals from the circuit court's denial of his motion requesting relief from a felony conviction and sentence on the ground that his appointed Rule 24.035 post-conviction relief counsel abandoned him. We dismiss the appeal for lack of jurisdiction.

*FACTUAL AND PROCEDURAL BACKGROUND*

On September 2, 1997 Movant pled guilty to five felony counts in three separate cases in the Circuit Court of Cape Girardeau County: three counts of forgery in cause number CR597–747FX, one count of passing a bad check in cause number CR596–1766FX, and one count of leaving the scene of a motor vehicle accident in cause number CR597–884FX. Movant pled guilty to all of these charges based upon his reasonable belief that both the prosecutor and his attorney had promised that if he pled guilty he would not be sentenced until after being seen by his

treating cardiologist and undergoing needed heart surgery. Movant's expectation that he would be treated for his heart condition and released on his own recognizance until recovering from surgery is clearly supported by the record.

That expectation was not met. Instead, on September 15, 1997, Movant was brought into court for sentencing. The court advised Movant that it would not defer sentencing, and that the Department of Corrections would "take whatever steps they think [are] necessary for whatever treatment that you may need when you arrive." The court then sentenced Movant to concurrent terms of five years' imprisonment on each felony charge, and Movant was delivered the next day to the Department of Corrections.

Movant filed a timely pro se Rule 24.035 motion for post-conviction relief. He alleged that the plea agreement had been violated and that his pleas were not made voluntarily, knowingly and intelligently because he had entered the pleas with the understanding that he would be seen by his own physician to have his heart condition evaluated, and receive treatment for his heart condition before being sentenced. Following appointment of counsel, an amended post-conviction relief motion was filed. The pro se motion, filed by Movant, included the case numbers of all the charges to which he had pled guilty. The amended post-conviction relief motion filed by appointed counsel, however, inadvertently omitted any reference to cause number CR597–884FX and the charge of leaving the scene of an accident. The record reflects that this omission was in no way Movant's fault, and was due solely to the negligence and oversight of appointed counsel.[1]

The circuit court denied the amended motion for post-conviction relief without an evidentiary hearing. Movant appealed. We reversed and remanded for an evidentiary hearing, noting that Movant's allegations were serious and not refuted by the record. See *Russell v. State*, 3 S.W.3d 380, 382 (Mo.App. E.D.1999). On January 11, 2000, following its hearing on remand, the circuit court granted all of the relief requested in Movant's amended motion for post-conviction relief. That is, the court vacated Movant's convictions and sentences with respect to the three forgery counts charged in CR597–747FX and the charge of passing a bad check in CR596–1766FX.[2] However, since the charge of leaving the scene of an accident in CR597–884FX was never included or referenced in the amended motion for post-conviction relief, that conviction and sentence was not vacated and as a result Movant remained incarcerated.

Sometime later, Movant and appointed counsel became aware of the terrible mistake that had been made by failing to include any reference to CR597–884FX in the amended motion. On April 3, 2000, in an effort to redress that mistake, the Public Defender's office filed with the circuit court on Movant's behalf what we will refer to as the "abandonment motion."[3] The abandonment motion asked the circuit court to find that appointed post-conviction counsel had in effect abandoned Movant by failing to include in the amended motion for post-conviction relief a request that the conviction and sentence in CR597–884FX be vacated. It asked that the court therefore either retroactively deem the amended motion for post-conviction relief to have originally included CR597–884FX, or in the alternative that Movant be allowed to

---

1. Movant's motion for permission to file a Supplemental Legal File is granted.

2. The State subsequently issued orders of *nolle prosequi* in those cases.

3. The full title of the motion as styled was: "Movant's Request That This Court Consider That He Was Abandoned By Post-conviction Counsel For Cause Number [CR597–884FX] Pursuant To State v. Sanders In That The Post-conviction Counsel Failed To Include This Cause In His Amended Motion And This Failure Was Not Movant's Fault."

file a new post-conviction relief motion with respect to that one cause number only. On April 4, 2000, the circuit court denied the motion. This appeal follows.

## DISCUSSION

In his sole point on appeal, Movant contends the motion court erred in denying his claim that he was abandoned by post-conviction counsel due to counsel's failure to include a request in the amended post-conviction relief motion that his conviction and sentence in CR597–884FX, for leaving the scene of a motor vehicle accident, be vacated. Citing *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991) and *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), Movant argues that counsel's failure in this regard constituted such a total default that it in effect amounted to "abandonment," thus entitling Movant under the narrow holdings of *Sanders* and *Luleff* to file an amended motion for post-conviction relief outside the normal time limits that apply to such motions. In response the State argues, inter alia, that Movant's point really amounts to a claim of ineffective assistance of post-conviction counsel rather than abandonment, and that such claims are not cognizable on appeal, citing *State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997). *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992), and *Self v. State*, 14 S.W.3d 223, 227 (Mo.App. S.D.2000).

■ Before we may consider the merits of this issue, however, we must first determine whether we have appellate jurisdiction. We conclude that we do not. The State has filed a motion to dismiss the instant appeal. Both in that motion and in its Respondent's Brief, the State contends this Court lacks jurisdiction to entertain Movant's appeal because (1) a claim of abandonment by post-conviction counsel will not support either an independent motion proceeding at the circuit court level or an appeal of the denial of such a motion,

and (2) this appeal, concerning the circuit court's ruling on Movant's Rule 24.035 motion, is untimely.[4] We agree and dismiss the appeal.

■ "Abandonment" by post-conviction counsel, as opposed to mere ineffective assistance, means conduct that is tantamount to "a total default in carrying out the obligations imposed upon appointed counsel" under the rules. *State v. Bradley*, 811 S.W.2d 379, 384 (Mo. banc 1991). Our Supreme Court has recognized a very narrow category of cases that rise to the level of "abandonment," thus entitling a movant to file an amended post-conviction relief motion beyond the normal time limits. However, these claims have been recognized *only* in the context of a movant's direct and timely appeal of the denial or dismissal of his post-conviction relief action, in cases where the motion court had ruled adversely after appointed counsel had either filed an untimely amended motion on a movant's behalf, *Sanders v. State*, 807 S.W.2d 493, or where counsel without explanation completely failed to file any amended motion on a movant's behalf, *Luleff v. State*, 807 S.W.2d 495, or where counsel had filed a motion so patently defective that it amounted to "a nullity," *State v. Bradley*, 811 S.W.2d at 382. In all of these cases, the movant timely appealed the complained-of judgment in his post-conviction motion proceeding, on grounds that he had been abandoned by counsel.

Here, however, Movant filed his abandonment motion *independently of* his underlying Rule 24.035 post-conviction motion proceeding, and long after the time for appealing the court's January 11, 2000 judgment in that proceeding had passed. In a somewhat analogous case, *Vernor v. State*, 30 S.W.3d 196 (Mo.App. E.D.2000), where a movant attempted to file a "plain error" motion under Rule 29.12 after the motion court had denied him post-convic-

---

4. Movant's counsel has filed no reply brief or other response to the State's arguments asserting lack of appellate jurisdiction.

tion relief under Rule 24.035, we held that Rule 29.12 did not support an independent cause of action, and further held that the movant's attempted filing under Rule 29.12 amounted to a successive post-conviction relief motion, which was barred under the post-conviction relief rules. Similar to our holding in *Vernor*, we conclude that there is no authority for the proposition that a claim of abandonment by post-conviction counsel can be the basis for an independent motion proceeding in the circuit court, separate and apart from a movant's underlying motion for post-conviction relief, and further that Movant's abandonment motion is a successive motion for post-conviction relief. Movant's remedy here was to pursue a motion for post-conviction relief under Rule 24 .035, which he did. While we acknowledge that the failure of the motion was due solely to counsel's dereliction and we find the result in this case deeply troubling, nevertheless, Movant is not entitled to a successive Rule 24.035 motion, which in essence is what his abandonment motion amounts to. To permit amendment of the post-conviction motion after an adverse judgment "would, in effect, give movant a second motion for post-conviction relief, which is not permitted." *Kilgore v. State*, 791 S.W.2d 393, 396 (Mo. banc 1990).

Since there is no independent basis for Movant's abandonment motion, and also no statutory authority for an appeal from the denial of such a motion, we are without jurisdiction to entertain Movant's appeal.[5] See *Vernor*, 30 S.W.3d at 197. The appeal is dismissed.

ROBERT G. DOWD, Jr., P.J., and MARY RHODES RUSSELL, J., concur.

---

5. We express no opinion as to whether, under the unique facts and circumstances of this case, the remedy of habeas corpus would be available to Movant. See *Kilgore v. State*, 791 S.W.2d at 396; *Clay v. Dormire*, 37 S.W.3d 214, 216 (Mo. banc 2000). Nor do we consider whether relief would be available to Movant to correct manifest injustice pursuant to Rule 29.07(d).