**Gregory W. HARRIS, Appellant Pro Se,**

v.

**STATE of Missouri, Respondent.**

**No. WD 58916.**

Missouri Court of Appeals, Western District.

May 22, 2001.

Gregory W. Harris, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Gregory Harris appeals from the judgment of the circuit court denying his Rule 29.12(b) motion in which he sought relief for plain error from his convictions for trafficking in the first degree, § 195.211, RSMo 1994, and unlawful use of a weapon, § 571.030.1(1), RSMo 1994. This court affirmed Mr. Harris's conviction and denial of post-conviction relief in the summary order of *State v. Harris*, 930 S.W.2d 489 (Mo.App.1996). Because there is no independent basis for a Rule 29.12(b) motion and no statutory basis for which to appeal from the denial of such a motion, this appeal is dismissed for lack of jurisdiction.

On February 4, 1998, Mr. Harris filed a pleading denominated "Rule 29.12(b) Motion to Correct and Prevent a Manifest Injustice or Miscarriage of Justice" in the Circuit Court of Jackson County, Missouri. The motion alleged errors in his criminal trial, which was held July 11–14, 1994, and sought plain error review under Rule 29.12(b). The trial court overruled his motion on the grounds that Mr. Harris did not submit a cognizable motion. Mr. Harris appeals this decision. The State argues that the appeal should be dismissed for lack of jurisdiction because Rule 29.12(b) does not support his independent cause of action.

Rule 29.12(b) states the following:

Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Both the Southern District and Eastern Districts have held that Rule 29.12(b) does

not provide an independent basis under which a person convicted of a crime can subsequently challenge his conviction or sentence. *Vernor v. State,* 30 S.W.3d 196, 197 (Mo.App.2000); *State v. Massey,* 990 S.W.2d 201, 204 (Mo.App.1999). This court agrees with the reasoning in those cases and applies it to the facts of this case.

In *Massey,* 990 S.W.2d at 203, the defendant filed a "Motion to Correct Plain Error with Incorporated Suggestions in Support" on the day of sentencing. He characterized his motion as a " 'Rule 29.12' motion." *Id.* The defendant had relied on this court's decision in *State v. Tinoco,* 967 S.W.2d 87 (Mo.App.1998), to support his position. *Massey,* 990 S.W.2d at 203. In *Tinoco,* 967 S.W.2d at 89–90, the State appealed the trial court's grant of a new trial. This court affirmed the trial court's decision granting a new trial on the basis of ineffective assistance of counsel. *Id.* at 90. There, the defendant failed to timely file a motion for a new trial and, thus, "the trial court could only consider the allegations contained therein for plain error pursuant to Rule 29.12(b)." *Id.* at 89. The State argued that "the trial court lacked the authority to [grant the motion for a new trial] in that the exclusive after-trial procedure by which to seek relief for a claim of ineffective assistance of counsel, including a new trial, [was] pursuant to a Rule 29.15 motion." *Id.* This court held that Rule 29.15 "only applies after an individual has been convicted and is seeking relief from his or her conviction or sentence. . . . [I]t is an exclusive procedure only after, but not prior to, conviction." *Id.* This court determined that the trial court had not rendered its judgment of conviction when it granted the motion for a new trial, and thus, Rule 29.15 was not yet applicable. *Id.* at 90.

In distinguishing this court's holding in *Tinoco,* the court in *Massey,* 990 S.W.2d at 204, noted that "[t]he procedure defendant has followed in this case differs from what was done in *Tinoco.*" In *Massey,* the Rule 29.12(b) motion "was independent of his previously denied motion for a new trial." *Id.* The court looked to Rule 29.11, which outlines appropriate after-trial motions, and determined that no provision in that rule provided for "an independent after-trial motion based on a claim that plain error as defined in Rule 29.12(b) occurred." *Id.* Thus, the court held that "Rule 29.12(b) provides no basis for an independent motion." *Id.*

Relying on the Southern District's decision in *Massey,* the Eastern District also determined that a Rule 29.12(b) motion filed independent of one's underlying criminal case provided no basis for relief. *Vernor,* 30 S.W.3d at 197. The court characterized the Rule 29.12(b) motion as an attempt to file successive Rule 24.035 motions, which is not permitted. *Id.* In addition to finding that no independent basis existed for a Rule 29.12(b) motion, the Eastern District also noted that because there was no independent basis, "as a logical result, there can be no appealable judgment." *Id.* Additionally, the court noted that "there is no statute providing the right to appeal from a Rule 29.12(b) motion." *Id.* Thus the court found that "without an independent basis for the motion and no statutory authority for an appeal, we have no jurisdiction to consider Appellant's appeal." *Id.*

As the courts found in *Massey* and *Vernor,* this court also holds that Rule 29.12(b) does not provide an independent basis for relief for a claim of plain error. Mr. Harris's motion was filed independent of his criminal case, coming almost one year and four months after this court affirmed his conviction and the trial court's

denial of post-conviction relief. He cannot now attempt to file a successive motion for post-conviction relief disguised as a Rule 29.12(b) motion. Rule 29.15(*l* ); *See also Vernor*, 30 S.W.3d at 197. Likewise, as the court held in *Vernor*, 30 S.W.3d at 197, this court finds that it has no jurisdiction to entertain Mr. Harris's appeal.

This appeal is dismissed.

All concur.