STATE of Missouri,
Plaintiff/Respondent,

v.

Otis Lee SMITH, Defendant/Appellant.

No. ED 88620.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 31, 2006.

Otis Lee Smith, Jefferson City, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Otis Smith (Defendant) appeals from an order denying his motion for a hearing de novo for the presiding judge en banc to adjudicate the sufficiency of the indictment and a due process violation. Because such an order is not a final, appealable judgment, the appeal is dismissed.

Defendant pleaded guilty and was sentenced for two counts of capital murder on August 12, 1983. Some twenty-three years later, on March 16, 2006, Defendant filed a motion for a hearing de novo for the presiding judge en banc to adjudicate the sufficiency of the indictment and the due process violation of not having a Miranda hearing. The trial court denied this motion on March 28, 2006. Defendant then appealed this ruling to this Court.

No right of an appeal exists without statutory authority. *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). In criminal cases, section 547.070, RSMo 2000, allows appeals from final judgments, which occur when the court enters a judgment of conviction and sentence. *State v. Larson,* 79 S.W.3d 891, 893 (Mo. banc 2002). Here, Defendant did appeal his convictions back in 1983 and it was affirmed by this Court. *State v. Smith,* 684 S.W.2d 519 (Mo.App. E.D. 1984). Defendant is not appealing from his judgment of conviction or sentence, but rather from a post-conviction order denying his motion for a hearing de novo for the presiding judge en banc to adjudicate the sufficiency of the indictment and the due process violation of not having a Miranda hearing. This is not a "final judgment" under section 547.070. In addition, there is no other statutory provision that supports Defendant's current appeal from

this order. Therefore, there is no judgment from which Defendant can appeal.

■ This Court has a duty to *sua sponte* determine our jurisdiction. *State v. Dunn*, 103 S.W.3d 886, 887 (Mo.App. E.D. 2003). This Court issued an order directing Defendant to show cause why his appeal should not be dismissed for lack of jurisdiction. Defendant has filed two documents. In those documents, Defendant asserts that this Court has jurisdiction to consider the order under Rule 29.12(b), which allows both the trial court and this Court to consider "plain error" affecting substantial rights if they conclude that manifest injustice or miscarriage of justice has resulted. Defendant points to two decisions rendered by the Circuit Court of Jackson County, Missouri to support his argument. However, in *Vernor v. State*, 30 S.W.3d 196, 197 (Mo.App. E.D.2000), this Court expressly held that Rule 29.12(b) provides no basis for an independent motion and further, there is no statutory authority for an appeal from an order denying a Rule 29.12(b) motion. In *Vernor*, this Court dismissed the appeal for lack of jurisdiction. *Id.*

The appeal is dismissed for lack of a final, appealable judgment.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.