**STATE of Missouri, Plaintiff/Respondent,**

v.

**Willie SIMMONS, Defendant/Appellant.**

**No. ED 88880.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 26, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 2007.

See also, 955 S.W.2d 729.

Willie Simmons, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Attorney Co–Counsel, Jefferson City, for respondent.

BOOKER T. SHAW, Chief Judge.

Willie Simmons (Defendant) appeals from an order denying his motion for plain error review under Rule 29.12(b). The appeal is dismissed.

Defendant was convicted of first degree murder in the death of Leonora McClendon. He was sentenced to life without parole on February 23, 2003.[1] On October 3, 2005, Defendant filed with the trial court a motion for plain error review under Rule 29.12(b). On October 12, 2005, the trial court entered an order denying the motion. After receiving leave from the Missouri Supreme Court to file a late notice of appeal, Defendant appealed to the Missouri Supreme Court on March 8, 2006.

---

1. Simmons was also convicted in a separate trial of first degree murder in the death of Cheri Johnson. He originally received the death penalty for both murders. His convictions and the denial of his Rule 29.15 motion for post-conviction relief in each case was affirmed by the Missouri Supreme Court. *State v. Simmons*, 955 S.W.2d 729 (Mo. banc 1997) (Johnson murder) and *State v. Simmons*, 955 S.W.2d 752 (Mo. banc 1997) (McClendon murder). The Eighth Circuit Court of Appeals granted Simmons's petition for habeas relief in both cases as to the penalty phase of his trials and remanded the cases for new penalty phases. *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir.2002). At that time, Defendant received a punishment of life imprisonment without parole for each offense. Defendant's current appeal relates only to the case involving the murder of Leonora McClendon.

The Supreme Court subsequently transferred the case to this Court.

■ No right of an appeal exists without statutory authority. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). In criminal cases, section 547.070, RSMo 2000, allows appeals from final judgments, which occur when the court enters a judgment of conviction and sentence. *State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002). Defendant is not appealing from his judgment of conviction or sentence, but rather an order denying his motion for plain error review under Rule 29.12(b). Under *Vernor v. State*, this Court held that there is no independent basis for a motion under Rule 29.12(b) to enforce claims of plain error. 30 S.W.3d 196, 197 (Mo.App. E.D.2000). Without an independent basis for the motion, there can be no appealable judgment. *Id.* Moreover, there is no statute providing the right to appeal from a Rule 29.12(b) motion. *Id.*

■ This Court has a duty to *sua sponte* determine our jurisdiction. *State v. Dunn*, 103 S.W.3d 886, 887 (Mo.App. E.D. 2003). We issued an order directing Defendant to show cause why his appeal should not be dismissed for lack of jurisdiction. In addition, the State has filed a motion to dismiss on the same grounds. In his responses, Defendant presents three primary arguments to support his claim that this Court has jurisdiction. First, Defendant contends the State did not challenge jurisdiction at the trial court, so should be precluded from challenging it here. However, the question of jurisdiction may be raised at any stage of the proceedings, even for the first time on appeal. *Vance Bros., Inc. v. Obermiller*

*Const. Services, Inc.*, 181 S.W.3d 562, 564 (Mo. banc 2006).

Second, Defendant contends that two cases decided by the Jackson County Circuit Court in April of 2001 are controlling. However, in this district of the Court of Appeals, the *Vernor* decision controls. Moreover, after the Jackson County cases were decided, the Western District of the Court of Appeals adopted our decision in *Vernor* and the Jackson County cases are no longer good law in the Western District. *Harris v. State*, 48 S.W.3d 71, 72–73 (Mo.App. W.D.2001).[2]

Finally, Defendant says the Missouri Supreme Court has concluded that it has jurisdiction in 29.12(b) cases and therefore, we should transfer the case to the Missouri Supreme Court since we disagree. Defendant relies upon *State ex. rel Mertens v. Brown*, 198 S.W.3d 616 (Mo. banc 2006). However, this case did not involve an appeal from a Rule 29.12(b) motion, but instead was an extraordinary writ petition filed in the Missouri Supreme Court. *Id.* at 617–618. Therefore, it does not support Defendant's assertions.

Under *Vernor*, this Court has no jurisdiction over Defendant's appeal. The State's motion to dismiss is granted. The appeal is dismissed for lack of a final, appealable judgment.

GLENN A. NORTON, J. and PATRICIA L. COHEN, J., Concur.

---

**2.** The Southern District has also concluded that Rule 29.12(b) does not provide an independent basis for a motion. *State v. Massey*, 990 S.W.2d 201, 204 (Mo.App. S.D.1999).