**STATE of Missouri, Respondent,**

v.

**Donald FERRELL, Appellant.**

**No. SD 30172.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 17, 2010.

N. Scott Rosenblum, Eric Selig, Erin R. Griebel, Rosenblum, Schwartz, Rogers & Glass, P.C., for Appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Asst. Atty. Gen. Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Donald Ferrell (Defendant) appeals from an order denying his release on probation under § 559.115.[1] We dismiss the appeal because said order is not a final, appealable judgment.

There is no right of appeal without statutory authority. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). In criminal cases, § 547.070 authorizes appeals from "final" judgments; a final judgment occurs when a sentence is entered; and probation is not part of a sentence. *Id.* "Consequently, there is no right to appeal a trial judge's decision to grant or deny probation." *Id. See also State v. Mahurin*, 207 S.W.3d 662, 662–63 (Mo.App.2006); *State v. Carrillo*, 935 S.W.2d 328, 329 & n. 1 (Mo.App.1996).

Defendant's effort to distinguish this precedent[2] is not persuasive, partly because it cites cases that were not direct appeals, but the type of writ actions that *Williams* called "sufficient" remedies in this situation. *See* 871 S.W.2d at 452 n. 2. Whatever such cases[3] hold on the merits, they do not support a direct appeal here or undermine *Williams* on that issue.

Lacking authority to proceed, we dismiss this appeal.

RAHMEYER, P.J., and BATES, J., concur.

---

1. Statutory citations are to RSMo as amended through 2005.

2. These points wholly disregard Rule 84.04(d)(1)(A) and arguably preserve nothing for review, but we have exercised our discretion not to dismiss on that basis.

---

3. Defendant principally cites two mandamus cases: *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 619 (Mo. banc 2006) and *State ex rel. Dane v. State*, 115 S.W.3d 876, 879 (Mo. App.2003).