**STATE of Missouri, Plaintiff–Respondent,**

v.

**Timmy PAYNE, Defendant–Appellant.**

No. SD 31292.

Missouri Court of Appeals, Southern District, Division One.

Dec. 19, 2011.

Rehearing Denied Jan. 10, 2012.

Timmy Payne, Appellant, acting pro se.

Chris Koster, Attorney General, and, James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

In November 1995, Timmy Payne ("Appellant") pleaded guilty to the crime of burglary and was sentenced to a seven-year term of imprisonment in the Department of Corrections. Fifteen years later, in December 2010, Appellant filed a motion in his criminal case asking the trial court to vacate his conviction based on a claim of actual innocence. After the trial court denied his motion, Appellant filed this appeal.

Because we lack the necessary statutory authority to hear Appellant's appeal, we must dismiss it.

"There is no right to appeal without statutory authority." *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). Although Appellant cites Rule 24.035(g) [1] in his brief, he nonetheless filed his "Motion for Relief to Vacate, Set–Aside Conviction and Sentence" in his *criminal* case. [2] "In criminal cases, section 547.070, RSMo 2000, allows appeals from final judgments, which occur when the court enters a judg-

ment of conviction and sentence." *State v. Smith*, 204 S.W.3d 697 (Mo.App. E.D. 2006). [3] Orders entered in criminal cases after the judgment has become final which deny motions requesting various types of relief are not appealable. *See, e.g., State v. Ferrell*, 317 S.W.3d 688, 689 (Mo.App. S.D. 2010) (order denying probation); *Smith*, 204 S.W.3d at 697 (order denying motion for a hearing *de novo* ); *State v. Goodloe*, 285 S.W.3d 769 (Mo.App. E.D.2009) (order denying a motion for credit for time served); *Harris v. State*, 48 S.W.3d 71 (Mo.App. W.D.2001) (order denying a motion to correct plain error under Rule 29.12(b)).

Here, Appellant did not timely appeal his 1995 judgment of conviction and sentence. Section 547.070, RSMo 2000, provides us with no authority to hear it at this late date. Because no other statute grants us such authority, *Ferrell*, 317 S.W.3d at 689; *Smith*, 204 S.W.3d at 697–98, Appellant's appeal is dismissed. [4]

RAHMEYER and LYNCH, JJ., concur.

---

1. Unless otherwise indicated, all rule references are to Missouri Court Rules (2010).

2. In the cover letter accompanying Appellant's filing of the legal record, he states, "This appeal is from a post conviction action." If Appellant had indeed brought his instant complaint in a civil action under Rule 24.035, the trial court would have been required to dismiss it as having been filed approximately 15 years too late; Appellant's legal file shows that he was received by the Department of Corrections on November 21, 1995. *See* Rule 24.035(b), Missouri Rules of Court (1995); *Phillips v. State*, 924 S.W.2d 318, 319 (Mo.App. S.D.1996) (holding that because the appellant's motion was filed after the expiration of the 90 day deadline estab-

lished by Rule 24.035(b), the grounds for relief it pled were time barred and procedurally waived).

3. At the time of Appellant's conviction, his notice of appeal was required to be filed no later than 10 days after his judgment of conviction and sentence became final. Rule 30.01(d), Missouri Rules of Court (1995). Appellant's judgment of conviction and sentence became final in late December 1995. Appellant's notice of appeal was not filed until April 19, 2011.

4. We note that although Appellant cites *State ex rel. Amrine v. Roper*, 102 S.W.3d 541 (Mo. banc 2003), in his brief, Appellant is attempt-

ing to assert his claim of actual innocence in an untimely appeal of his criminal conviction and not by means of a writ of *habeas corpus,* the method used by Mr. Amrine.